CHARLES F. KELLOGG COMPANY v. H. J. HOLM and Another.[1]

February 8, 1901.

Nos. 12,376—(221).

Cross-Examination of Bankrupt—Party in Interest.

An action was commenced against H. to rescind a sale and obtain possession of certain goods claimed to have been purchased by means of false representations as to the purchaser's financial standing. Before the time to answer expired, H. filed a petition in bankruptcy in the United States district court, and did not appear or answer. The trustee in bankruptcy appeared and defended. *Held*, that H. might be called for cross-examination, under the statute, as one to be benefited by the action being defended.

False Representations of Condition—Finding.

Evidence examined, and *held* not to support the finding of the court to the effect that the goods were not purchased on account of the misrepresentations of the purchaser as to his financial standing.

Action in the district court for Steele county against H. J. Holm and George R. Kenyon. Defendant Holm made default, and Kenyon having been appointed trustee of Holm, who had been adjudged a bankrupt, was substituted as defendant in that capacity. The case was tried before Buckham, J., who found in favor of defendant trustee. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Robert Taylor*, for appellant.

*Wheelock & Sperry*, for respondent.

[1] Reported in 85 N. W. 159.

LEWIS, J.

Plaintiff conducts a wholesale clothing business in Chicago. Defendant Holm was engaged in the retail clothing business at Mankato. It is claimed by plaintiff that Holm purchased and obtained possession of certain of its goods by false representations, and this action is brought to recover possession thereof. Defendant Kenyon was made a party defendant on the ground that he claimed some interest in the goods. Holm defaulted, but before the time for answer expired he filed his petition in bankruptcy in the United States district court, and was adjudged a bankrupt; Kenyon being appointed trustee in bankruptcy. Kenyon having answered individually, was substituted as defendant trustee in bankruptcy, and answered over, claiming the goods as such trustee. The cause was tried by the court without a jury, and judgment was ordered for defendant. Plaintiff appeals from an order denying a new trial. It is only necessary to consider two questions on this appeal:

1. Upon the trial plaintiff called Holm for cross-examination, under the statute. This was objected to for the reason that Holm was not a party to the action, he being in default, and the objection was sustained. Holm was not a party to the record, and hence he was not subject to cross-examination as such. Suter v. Page, 64 Minn. 444, 67 N. W. 67. But he was a party for whose benefit the action was being defended. While it is true that Holm had turned over his estate for the benefit of his creditors, and had no further interest in the result of the suit, so far as having a control over the goods was concerned, yet he was directly interested in the defense. Whether the goods were retained by the trustee in bankruptcy or returned to the plaintiff, as a result of the action, Holm's creditors would be affected, and indirectly Holm himself. Again, his discharge in bankruptcy might depend upon the question of his good faith in the purchase of the goods from plaintiff. He was directly interested in showing that there was no fraud in the transaction. We are of the opinion that, under the circumstances, Holm was a party for whose benefit the action was defended, within the meaning of the statute, and it was error to sustain the objection.

82 M.—27

2. Plaintiff seeks to rescind the sale and recover certain goods because of false representations made to it by Holm as to his financial standing, upon which plaintiff relied when it sold and delivered the goods to him.

On September 23, 1898, Holm made a statement in writing, over his signature, to the commercial agency of R. G. Dun & Co., wherein he stated that he had on hand and in transit merchandise of the value of $6,400, and cash on hand $450, and that his liabilities were $150 for merchandise, not due, giving a surplus of $6,700. According to the evidence, his merchandise at that time amounted only to $4,808.10, while, to take the most favorable view of it to defendant, his liabilities amounted to $394.05. On February 13, 1899, he made a further written statement in which he stated that his merchandise amounted to $5,600; notes and accounts receivable, $700; cash, $1,200; fixtures, $200; total assets, $7,700; liabilities for merchandise, not due, $746; owing bank, $1,000,—showing a surplus of $5,954. According to the evidence the merchandise at that time was not to exceed $4,061.35, and his liability for merchandise was $1,646.36, making his surplus $4,515. Shortly prior to May 1, 1899, Holm made a statement showing value of stock on hand, $3,800; bills receivable, $1,500; cash, $239; total assets, $5,539; liability for merchandise, not due, $160,—showing a surplus of $5,379; giving him credit for $1,000, borrowed money, of which he claims to have notified plaintiff, a net surplus of $4,379 about May 1, 1899. According to the evidence, he was then owing for merchandise not less than $4,119.35, which made him practically insolvent at that time.

The order for the goods which plaintiff now seeks to recover was received by the house from Holm on May 31, 1899; and at that time, according to the evidence, he was absolutely insolvent. The plaintiff relied on all of these statements, and accordingly sold Holm the bill amounting to $1,322, to be paid for in four months from date of sale. In January following, Holm turned over his property to Kenyon, as trustee for his creditors, and immediately followed that action by filing a petition in bankruptcy. Notwithstanding this evidence the trial court found that the goods were not sold to Holm on account of such false repre-

sentations on his part. The court further found that the goods were purchased by Holm in the usual course of business, without any fraud on his part. We apprehend, from the note attached to the findings, that the learned trial judge was impressed with the view that in order to rescind the sale it was necessary that it should appear from the evidence that Holm was acting dishonestly in the transaction, and was attempting to secure the goods without any intention of paying for them.

In the case cited by respondent (Sprague, Warner & Co. v. Kempe, 74 Minn. 465, 77 N. W. 412) the claim relied on was that the insolvent bought the goods with a previously conceived and fraudulent intention not to pay for them, and it was there held that such fraudulent intent could not be implied from merely inconsequential circumstances equally consistent with honest intentions. But such is not the only issue in this case. The appellant relies upon the following: That it is undisputed that statements were made by Holm as to his financial standing and ability to pay, which were relied on by plaintiff; that the goods would not have been sold if it had not been for such statements; that the representations were not true, hence the plaintiff had been deceived, which is a ground for rescinding the sale. In such a case it is immaterial whether the party making the statements knows whether they are true or false. If the other party relies on his statements, it is, in law, a fraud, even if believed to be true by the one making them. Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566.

The finding of the court is not supported by the evidence, and the order denying a new trial is reversed.