## ALBERT WAGSTROM v. JAMES JOSEPH AND OTHERS.[1]

June 29, 1934.

No. 29,885.

Peter E. Kamuchey, for appellant.
Eugene F. Matthews, for respondent.

*I. M. OLSEN, Justice.*

Defendant Ben Freeman appeals from an order denying his motion for judgment notwithstanding the verdict, or, if that be denied, for a new trial.

The action was brought to recover damages for the death of Wallace Wagstrom, claimed to have been caused by the negligence of the defendant Alfred Milbrandt in operating a truck, as servant of Ben Freeman. The jury returned a verdict against both of the above named defendants. The sufficiency of the evidence to sustain

[1]Reported in 255 N. W. 822.

a verdict against defendant Freeman is the principal question presented. That depends on whether the evidence is sufficient to sustain a finding by the jury that at the time of the accident Milbrandt was driving the truck for defendant Freeman as his servant and within the scope of his employment.

The evidence on the issue is largely circumstantial. In this, as in other cases where there has been a jury trial and verdict, we review the evidence in the light most favorable to the prevailing party. The jury sees and hears the witnesses and observes the proceedings at the trial. The jurors are in a better position to determine the credibility of witnesses, the truth or falsity of testimony, and the weight to be given to testimony, than is an appellate court having only the printed record before it. The jury may draw such reasonable inferences from the evidence as the facts and circumstances shown will justify.

No extended recital of the evidence is here attempted. The defendant Freeman was an independent owner and operator of three or four gasolene and oil service stations in St. Paul. He had attendants conducting each of these stations under his supervision and control. The stations were operated under different names. One was called the Cut Rate Gas & Oil Company, another the St. Paul Gas & Oil Company. The names of the others do not appear. The defendant Milbrandt had worked regularly for Freeman some time prior to the accident as an attendant at one of these stations. After the termination of regular employment he had worked on and off for short periods of time or in doing minor acts or errands for Freeman in connection with one or more of the oil stations. There was a Ford truck kept at one of the stations which Milbrandt had used a number of times before in his work for Freeman. This truck was registered in the name of James Joseph, one of Freeman's employes at this station, and was claimed to be owned by said employe. On May 24, 1932, the day of the accident causing the death of Wallace Wagstrom, Milbrandt was called by one of the attendants at the Cut Rate station to come there and get the truck to deliver some oil for the attendant at the St. Paul Gas & Oil Company station. He went to the Cut Rate station, was given the truck,

drove to the St. Paul Gas & Oil station, and was there instructed by Mr. Saturdey, the attendant, to load up three barrels of oil and take same to the Atlas Gas & Oil Company out toward White Bear Lake, deliver same, collect therefor, and bring the money back to Mr. Saturdey. He was given a bill to present for the oil. Saturdey and Milbrandt then took three barrels of oil from a pile of barrels in the yard of the St. Paul Gas & Oil Company station, which three barrels were mingled with and of the same kind as the other barrels in the pile. Defendant Freeman admitted that he had bought and owned the stock of oil in the barrels in the pile, except that he claimed he had bought five barrels for Saturdey and had been paid for them by him, and that the three barrels in question were owned by Saturdey and were being sold by him to the Atlas company. No one testified as to any identifying marks or means to distinguish these three barrels from the other barrels in the pile, concededly owned by Freeman. Freeman was present at the time the three barrels were loaded on the truck. Significant here are the facts that the attendant Saturdey, who is claimed to have owned the three barrels of oil, was not present as a witness, and that no one from the Atlas Gas & Oil Company, which is claimed to have bought the oil from Saturdey and not from Freeman, was produced as a witness. After the three barrels of oil were loaded on the truck, Milbrandt started to take them to the Atlas Gas & Oil Company station, and while driving the truck on his way there ran into and fatally injured Wallace Wagstrom, a child about five years old. Milbrandt's negligence is conceded on this appeal.

We conclude that the facts and circumstances shown were sufficient to justify the jury in finding that Milbrandt was the servant of and acting for and by authority of Freeman in driving the truck at the time and place of the accident.

■ Milbrandt was called by plaintiff for cross-examination under the statute. This is assigned as error, it being claimed that he was not properly a defendant in the action at the time. He was a minor. The summons and complaint in the action had been properly served on him. He had interposed an answer by his attorney before any guardian *ad litem* had been appointed for him. On the day before

the trial a guardian *ad litem* was appointed. The attorney for Milbrandt appeared for him at the trial and also appeared for defendant James Joseph. No objection was made by Milbrandt or by his attorney to the appointment of the guardian. We think Milbrandt was in fact an actual defendant in the action at the trial. He was also a party for whose benefit the action was being defended. Charles P. Kellogg Co. v. Holm, 82 Minn. 416, 85 N.W. 159. Milbrandt could have been called as a witness for plaintiff, and, in view of his adverse interest, the court would have permitted cross-examination irrespective of the statute. No prejudice is shown.

Order affirmed.