JULIUS GORSTZ v. GUSTAF PINSKE.[1]

February 13, 1901.

Nos. 12,449—(199).

**Charge to Jury.**

Where an erroneous statement of law, clearly applied to the facts of the case, is given in the charge of the trial court to the jury, such error is not cured by subsequent correct instructions which do not point directly to and correct the misdirection.

**Abstract and Concrete Instructions.**

It is the duty of the trial court to apply the law, in its instructions, to the essential facts in a practical and concrete form, and if it errs in this respect a general correct abstract proposition upon the same subject will not cure the previous error.

**Same—Presumption.**

Correct statements of abstract propositions by a trial court must be considered in view of the whole charge, and it must be presumed in this court, on review, when contradictory instructions are given, that those of practical application to the evidence were more effective than others of an abstract character.

**Error.**

An erroneous instruction of the trial court in this case considered in the light of the evidence, and, under the rules above stated, *held* to be prejudicial to the defendant.

Action in the district court for Norman county to recover $3,500 damages for assault and battery. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $700. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Calkins & Calkins,* for appellant.

*O. Mosness* and *Peter Sharpe,* for respondent.

LOVELY, J.

Civil action brought against defendant to recover for an alleged assault upon the plaintiff. Defendant counterclaimed for an assault arising out of the same transaction. The plaintiff had a

[1] Reported in 85 N. W. 215.

verdict. Defendant moved for a new trial upon a settled case, for errors of law and upon other grounds, which motion was over-ruled, and defendant appeals to this court.

The respective parties to this action were neighbors. Defendant occupied and cultivated a tree claim adjacent to the public highway. A few days previous to the alleged assault upon plaintiff, defendant had plowed the land between his tree claim and the highway, and seeded the same to grass, to secure the benefit of Laws 1895, c. 59, § 1, which provides

"That any person living upon or owning land fronting on any of the public highways of this state may for the purpose of seeding the same down to grass, plow and level the said highways for said purpose, and seed the same to grass to within one (1) rod of the center of the same," etc.

Evidence was offered at the trial tending to show that on the day previous to the alleged assault upon plaintiff the latter had passed over the highway, going out of the traveled portion, and drove upon the plowed soil seeded by defendant. Whether it was necessary for the plaintiff to leave the traveled highway and drive over the newly-plowed ground was, upon the evidence, an open question for the jury. Testimony was also introduced on the part of the defendant to show that plaintiff, on the day when the assault was committed, and immediately previous to the same, again passed over this highway with a team and wagon, again driving outside of the traveled way, very close to the trees upon defendant's tree claim, and that his actions in this respect had a tendency to cut up the soil and injure the growth of the newly-planted seed, all of which was denied, and made an issue of fact by the plaintiff, upon which testimony was received on both sides. There was also evidence tending to show that at the time of the assault plaintiff carried a gun, and claimed the right to travel anywhere within the four rods of the legal highway, without reference to the use to which defendant had adapted it for improvement under the statute referred to. It is unnecessary to detail the disputed evidence of the assault, further than to say that, upon the claim of defendant, the controversy between the parties commenced in an attempt by him to prevent plaintiff from de-

stroying the effects of his work in seeding the land between the tree claim and the highway.

Very much of the testimony at the trial was devoted to the question of provocation for the assault as above indicated. In the charge of the learned trial court, the jury were instructed in these words:

"The jury are at liberty to take into consideration the injuries, so far as they have been shown by the evidence; the pain and suffering endured by the injured party; his loss of time, if loss of time has been proven,—and award such damages as the jury may think proper and right in view of all the circumstances proven on the trial of this case. * * * If you find that the injuries were inflicted wilfully and maliciously, then the jury * * * are not limited to mere compensation for the actual damages sustained, but they may give such further sum by way of exemplary damages, as an example to others, to deter them from offending in a like manner."

No exception was taken to this portion of the charge, and it undoubtedly correctly states the law as it exists in this state. The court further instructed the jury

"That any person may seed the highway opposite his land or in front of his land,—however, not within one rod of the center of the highway,—and the defendant had the right to seed the highway opposite his land in that way," and then used the following language: "But, if the plaintiff had a mind to drive over that part that was seeded, he had the legal right to do so."

To this instruction exception was duly noted. The court further instructed the jury, in connection with and following the portion of the charge last referred to, that:

"The fact that he did so [drive over the seeded portion of the highway] would not be a justification for an assault and battery. Still, it may be considered by the jury in mitigation of damages."

The only question we deem it necessary to consider on this appeal is as to the legal effect to be given to the portion of the charge excepted to. There is no doubt as to the abstract correctness of the statement of law that the provocation given by plaintiff in driving over the seeded portion of the highway did not justify an assault upon him by the defendant; but in view of the

course of the trial, in which the right of the plaintiff to use the four rods of the highway, and to drive where he "had a mind to" upon it, was involved, we think that the court gave undue prominence to the assertions of such right by the plaintiff, under the proofs, and erroneously instructed the jury prejudicially to defendant in that respect. Under the evidence, upon this instruction, the jury might· have found that plaintiff had an absolute right to drive at his will and pleasure on the seeded land; and the assertion of that right might well have been considered as an aggravation of the assault, justifying the award of smart money. An essential element of punitive damages, as stated by the court, consists in malice, which requires a consideration by the jury, when such damages are allowable, of aggravating 'or mitigating circumstances; and it seems. to us that the concrete statement by the court that plaintiff had a right to drive over the highway where "he had a mind to" was calculated to mislead, and might have justified the view by the jury, that the defendant had no right whatever .to avail himself of the benefit of the statute giving him the right to seed the untraveled part of the four rods of the legally laid out right of way.

The abstract statement that the right of the defendant to seed the same might be considered in mitigation of damages, following the excepted portion of the charge, does not, in our judgment, cure the erroneous impression that might naturally be received by the jury by the improper instruction referred to, and deprive the defendant of his right to have the alleviating features which led to the assault considered in an intelligent and sensible manner. The statements of the court in this respect are contra- .dictory, and could not but have been confusing, and may have seriously enhanced the damages, which were large, considering the evidence of the real injuries inflicted upon the plaintiff. Correct statements of abstract propositions by a court must be considered in view of the whole charge, and, if coupled or connected with misleading or injurious instructions of a concrete nature, it must be presumed upon review in this court that the jury gave more weight to those portions of the charge which directly affected the question involved, as stated in such concrete form, than the

abstract modifications in other portions of the charge, although literally correct. Harriott v. Holmes, 77 Minn. 245, 79 N. W. 1003. And we must hold such to be the effect of the charge in this case. Goodhue Farmers' Warehouse Co. v. Davis, 81 Minn. 210, 83 N. W. 531.

We find no other errors worthy of serious consideration, but for the misdirection of the court above noted the order appealed from must be reversed, and a new trial ordered.