FRANK MAILAND v. BENNETT MAILAND.[1]

June 14, 1901.

Nos. 12,570—(116).

**Charge to Jury—Review on Appeal.**

Instructions of a trial court should be viewed by an appellate court, in so far as possible, from the standpoint of the jury. The real question should be, what might the jury have understood from the language of the court?

**Assault and Battery—Question for Jury.**

In an action for damages for assault and battery, defendant alleged in defense that plaintiff was the aggressor, and that whatever injuries were inflicted to his person were in defending himself from plaintiff's assault, and that he used no more force for that purpose than was necessary. There was evidence on the trial tending to support this defense. The court charged the jury, in effect, among other things, that there

[1] Reported in 86 N. W. 445.

was no evidence in the case sufficient to show an assault upon defendant by plaintiff. It is *held* that the instruction was erroneous, and that the evidence was sufficient to take the question to the jury.

Action in the district court for Fillmore county to recover $3,000 damages for assault. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of plaintiff for $2,100. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Wells & Hopp,* for appellant.

*Burdett Thayer, Burdett C. Thayer* and *Childs, Edgerton & Wickwire,* for respondent.

BROWN, J.

This action was brought to recover damages for personal injuries alleged to have been received by plaintiff from violence at the hands of defendant. Plaintiff had a verdict in the court below, and defendant appeals from an order denying a new trial.

The parties to the action are brothers. At the time of the occurrence resulting in plaintiff's injury, they became involved in a quarrel and dispute concerning some family affairs. Both were very much excited and angry, and in a measure intoxicated; and plaintiff claims that, without cause or provocation, defendant assaulted him, and inflicted injuries upon his person of a severe and permanent nature. Defendant pleaded in defense that plaintiff was the aggressor; that he threatened to assault defendant, whereupon, in self-defense, and to protect himself from injury at the hands of plaintiff, he seized him, and did no more than was reasonably necessary to prevent the threatened assault. The specific claim in this respect on the trial was that the plaintiff became angry because of some statement made by defendant in the course of a conversation between the parties, and that while in such angry frame of mind he placed one hand upon defendant's shoulder, and raised his right, in which he held a beer glass, in an attitude as though about to strike with it; that defendant believed plaintiff was about to strike him, and did what was necessary to prevent him from doing so. There was evidence in the case, when considered in connection with all the circumstances,

tending at least to show the truth of defendant's claim in this respect, and the question should have been submitted to the jury. Instead of doing so, however, the trial court instructed them as follows:

"There is no evidence in this case that the act of the plaintiff in placing his hand upon the shoulder of the defendant, if you shall find that he did place it there, was with any intention upon his part to do any injury to the defendant. Therefore, under the rule of law that I have stated to you, the placing of his hand upon the shoulder of the defendant, under the circumstances as detailed by the evidence in this case, if you shall find that he did so, did not amount to an assault."

To this charge and instruction, defendant duly excepted, and the exception presents the only question we deem necessary to consider. The court had previously stated to the jury what constituted an assault, and it is claimed that, within the definition as given, the act of plaintiff referred to did not amount to an assault.

An assault is an attempt unlawfully to apply any actual force to the person of another, directly or indirectly,—the act of using gestures towards another, giving him reasonable grounds to believe that the person using the gestures meant to apply actual force to his person. An intent to do violence is an essential ingredient of the offense, but the degree of violence is, of course, immaterial. The least or slightest wrongful and unlawful touching of the person of another is an assault. Instructions of a trial court should be viewed by an appellate court, so far as possible, from the standpoint of the jury. It will not do to construe them in the light of strict, abstract legal principles. The real question in all cases where exception is taken to the charge is, what might the jury have understood from the language of the court? Toledo v. Shuckman, 50 Ind. 42; Steinmeyer v. People, 95 Ill. 383. An instruction may be analyzed and made clear and consistent with the rules of law applicable to the case, and at the same time, when viewed from a practical, common-sense standpoint, appear clearly misleading and prejudicial to the party excepting.

The instruction to the jury complained of in this case took from their consideration all evidence tending to show the defendant's

defense, namely, that plaintiff was the aggressor in the difficulty between them,—first assaulted defendant,—and that defendant used no more force than was necessary to protect himself; and defendant was left practically without a defense. Although the court submitted to the jury the question whether he was assaulted by plaintiff, and whether he was justified in defending himself, there was no evidence tending to show any such assault, other than that just referred to, and which was expressly withdrawn from the consideration of the jury. The only evidence having any tendency to show an assault, and the only evidence relied upon by the defendant in that behalf, the court expressly charged, did not, "under the circumstances as detailed in the evidence," amount to an assault. With this theory of the defense completely eliminated from the case, there was very little left for the jury to consider, other than the nature and extent of plaintiff's injuries and the amount to be awarded to him.

There can be ro question as to the erroneous character of this instruction, and, even when considered with other portions of the charge, it is very manifest that the jury understood it, or at least might have understood it, in a light prejudicial to defendant. Gorstz v. Pinske, 82 Minn. 456, 85 N. W. 215; McCormick v. Kelly, 28 Minn. 135, 9 N. W. 675. For this error, which, no doubt, was an oversight on the part of the trial court, there must be a new trial.

Order reversed, and a new trial granted.