## FRED ZIMMERMAN v. BANKERS CASUALTY COMPANY.[1]

December 7, 1917.

No. 20,588.

**Insurance — errors in application by insurer's agent.**

1. Where the agent of an insurance company, authorized to procure applications and forward them to the company, makes out an application incorrectly, notwithstanding that all the facts are correctly stated to him by the applicant, the error is chargeable to the insurer, and not to the insured, and such statement will not have the effect of avoiding the policy.

**Same — notice to insurer — admission of counsel.**

2. The claim that the insured did not comply with the provisions of the policy, in regard to notifying the company of his condition, is sufficiently disposed of by the admission of counsel upon the trial.

Action in the district court for Hennepin county to recover $760 upon defendant's policy of insurance. The defense was a failure by plaintiff to give the required notice of his illness and a material misrepresentation by plaintiff in the application. The case was tried before Leary, J., who denied defendant's motions for a directed verdict, and a jury which returned a verdict for $679.80. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Lancaster, Simpson & Purdy* and *James E. Dorsey,* for appellant.
*John R. Coan,* for respondent.

QUINN, J.

Action to recover upon an accident and health insurance policy issued by the defendant to plaintiff, insuring him against the effects of bodily injury sustained and disability resulting from illness contracted during the life of such policy. Plaintiff had a verdict for $679.80, and from an order denying its motion for judgment notwithstanding the verdict or a new trial defendant appealed.

[1]Reported in 165 N. W. 271.

The policy was issued on November 16, 1915, based upon an application signed by the plaintiff on November 10, 1915. The application contained numerous questions designed to furnish the company with information relative to the applicant's condition of health, occupation and habits of life, as a guide in determining whether a policy should issue to him. The questions contained therein were propounded to the plaintiff by the agent of the defendant, and the answers written in by her. It is contended that the answers given to questions numbers 9 and 10 were not true. These questions and the answers thereto appear in the application as follows:

"9. Have you ever had  *  *  *  hernia  *  *  * ?
State fully. No.

"10. Have you had medical or surgical treatment during the past five years? State full particulars and give name and address of attending physician. Rupture 4 yrs. ago. Dr. Corbett, Mpls., Minn. Successful operation performed."

The plaintiff had sustained a hernia caused by lifting, and was operated on by Dr. Corbett in 1911. Thereafter the hernia reappeared, due to a fall, and he wore a truss for a considerable time. In the spring of 1914, he was operated on for the same trouble by Dr. Dunsmoor, and was confined to the hospital for some weeks. In January, 1916, he slipped and fell while shoveling snow, and was carried home. The family physician diagnosed his trouble as tonsilitis, which developed into quinsy, accompanied by rheumatic pains which finally became sciatic neuritis. He was confined to his home until February 19, when the hernia trouble again appeared and he was taken to a hospital and operated on. He remained in the hospital until May 15, when he was removed to his home. During his illness several written reports of his condition were furnished the defendant company, and every 4 or 5 days it was otherwise informed of his condition.

Plaintiff's disability arising out of his fall while shoveling snow commenced about 2 months after the policy was issued and lasted for 6 months, which was the maximum period under the policy for which the company was liable. The company refused to pay his claim, because of his alleged failure to have inserted in the application mention of the operation performed on him by Dr. Dunsmoor, and because of his fail-

ure to make the required report of his condition during his illness. Defendant insists that the failure to mention the Dunsmoor operation in answer to question No. 10 in the application was a concealment of a material fact, made with intent to deceive and defraud, and affected the risk of loss so as to defeat the policy.

Section 3300, G. S. 1913, reads:

"No oral or written misrepresentation made by the assured, or in his behalf, in the negotiation of insurance, shall be deemed material, or defeat or avoid the policy, or prevent its attaching, unless made with intent to deceive and defraud, or unless the matter misrepresented increases the risk of loss."

And section 3527, G. S. 1913, is as follows:

"The falsity of any statement in the application for any policy covered by this act shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

At the trial plaintiff testified in substance that at the time he gave the application he fully stated to the agent of the defendant all about the operations he had undergone on account of hernia, including the one by Dr. Dunsmoor. He also testified that he had handed the agent an old policy which he had that contained mention of the Dunsmoor operation, and that she used it in making out the new application; that before signing the application he looked it over and thought she had written in all of his answers and that it contained mention of the Dunsmoor operation. The agent who took the application was also examined as a witness. She testified that she did not know that a rupture and a hernia were alike; that in answer to her questions the plaintiff told her that there was nothing the matter with him except ruptures. It is not questioned but that the agent had authority to solicit, take and forward to the defendant company applications for insurance, including the one here in question.

If, at the time of giving the application in question, the plaintiff made to the agent a full, fair and truthful statement of facts in connection with his having had a hernia and of the several operations therefor which he had undergone, and notwithstanding such statements the agent incor-

rectly filled out the application in these respects, and the plaintiff, at the time of signing and delivering such application, looked the same over and was of the honest opinion that the application had been properly filled out and contained the answers as he had given them, then the error would be chargeable to the insurer and not to the insured, and the same would not avoid the policy. Nor is this rule affected by a stipulation in the policy subsequently issued, that the acts of the agent in making out the application shall be deemed the acts of the insured. Kausal v. Minnesota F. M. Ins. Assn. 31 Minn. 17, 16 N. W. 430, 47 Am. Rep. 776; 2 Dunnell, Minn. Dig. § 4717, and cases there cited. But if the plaintiff knew that untruthful statements were contained in the application, the fact would render the application invalid and avoid the policy, and this would be true though the company's agent wrote the false statements into the application. Mattson v. Modern Samaritans, 91 Minn. 434, 98 N. W. 330.

It is insisted that the omission of mention of the Dunsmoor operation in answer to question number 10 increased the risk of loss and rendered the policy invalid. The solution of this contention is that if the person who filled out the blank application incorrectly, was an authorized agent of the defendant company, and the plaintiff was innocent of the error, then the misstatement was that of the defendant, and not that of the plaintiff. Kausal v. Minn. F. M. Ins. Assn. supra; Whitney v. National M. A. Assn. 57 Minn. 472, 59 N. W. 943.

In its instructions the trial court fully and fairly submitted to the jury all issues of fact raised upon the trial, including the propositions whether the plaintiff, in making his application, suppressed any facts or made any false representations in the several particulars claimed here by the defendant with intent to deceive, and, whether he made any false statement that materially affected the acceptance of the risk or the hazard assumed by the insurer, and that, if he did, then either one of such statements would free the defendant company from liability. The jury, by its verdict, determined each of these propositions adversely to the contention of defendant, and we think the evidence sufficient to sustain the findings.

The claim that the insured did not comply with the provisions of the policy, in regard to notifying the company in writing from time to time,

of his condition during his illness, is sufficiently disposed of by the admission of counsel upon the trial.

Affirmed.