# BILL GRUBERSKI v. BROTHERHOOD OF AMERICAN YEOMEN, A FRATERNAL BENEFICIARY ASSOCIATION.[1]

## May 6, 1921.

## No. 22,197.

**Mutual benefit — false answer in application — retention of copy by person ignorant of English.**

Statements in the application for a benefit certificate in a fraternal beneficiary society were made warranties, which if not true annulled

[1] Reported in 182 N. W. 716.

149 M.—4.

the certificate issued. In an action on the certificate, the defense was that in response to a question in the application, material to the risk, the insured had given an untrue answer to defendant's medical examiner who propounded the question and inserted the answer. It is *held*:

(1) The evidence made it a jury question whether or not the answer inserted was the answer given by the insured.

(2) The fact that the certificate, containing a copy of the application and the answer mentioned, was retained for three months without objection, is not, as a matter of law, conclusive that the insured adopted the false answer as her own, the testimony being that she could not read and did not understand the English language.

(3) There was no error in the refusal to give certain requested instructions. Error cannot be predicated upon the omission to instruct on an issue not presented on the trial.

(4) The record presents no error available in this appeal.

Action in the district court for Ramsey county to recover $1,000 upon defendant's beneficiary certificate. The defense is stated in the third paragraph of the opinion. The case was tried before Haupt, J., and a jury which returned a verdict in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*J. H. Richards* and *Charles E. Bowen,* for appellant.

*Wilfrid E. Rumble* and *Rosenthal & Danz,* for respondent.

HOLT, J.

A recovery was had upon a benefit certificate issued by defendant, a fraternal beneficiary association. Defendant moved in the alternative for judgment non obstante or a new trial. This appeal is from the order denying the motion.

These facts are established: On July 20, 1918, Mary Gruberski made a written application to defendant for a $1,000 benefit certificate in favor of plaintiff, her brother-in-law. She was examined by defendant's medical examiner August 1, 1918, and her answers to certain questions relative to her health, physical condition and family history, were by him inserted in the application. On September 19, 1918, the certificate was delivered to her, attached to which was a copy of the application with her answers to the questions mentioned as written by the medical examiner. A fully developed child was born to Mary Gruberski on November 15,

1918, and a month thereafter she died. There is no claim that the child-birth or pregnancy caused or contributed to her death.

It is conceded that her answers to the medical examiner were war-ranties, which if untrue made the certificate void. The application con-tained this question: "Are you pregnant?" The answer thereto, in-serted by the medical examiner was: "No." The whole defense is rested on the falsity of this answer. The court in substance charged the jury that, under the law governing warranties made by an applicant for mem-bership in a fraternal beneficiary association, there could be no recovery if Mary Gruberski gave that answer to the question. Farm v. Royal Neighbors of America, 145 Minn. 193, 176 N. W. 489. It is contended that it was not open to plaintiff to prove that she did not give this an-swer, because, upon the receipt of the certificate, she, under her hand, in-dorsed thereon that no change had occurred in her condition as set forth in her application, and in the application she had agreed that the state-ments made therein were to be copied on her certificate and be held to be her statements.

Mary Gruberski's knowledge of the English language was very limit-ed. She could not read it at all, nor could she write her name. Her sig-nature was by mark. There is evidence that the examination was had through an interpreter, defendant's soliciting agent; also that she an-swered the question mentioned in the affirmative instead of the negative. On the other hand the doctor testified that no interpreter was used, and that she did not say that she was pregnant. The doctor took her waist measure, and it is passing strange that he should not have noticed her condition, being then five and a half months advanced in pregnancy. Under this state of the record, we think it was for the jury to say whether or not the answer as written by the examiner was her answer.

That the benficiary is not precluded from showing that the medical examiner, the agent of the insurer, inserted false answers in the applica-tion was held in Finn v. Modern Brotherhood of America, 118 Minn. 307, 136 N. W. 850, and Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474.

Nor do we think the rule applied in New York Life Ins. Co. v. Fletch-er, 117 U. S. 519, 6 Sup. Ct. 837, 29 L. ed. 934, should here govern, for it is evident that neither the insured nor the beneficiary could read the

certificate or the attached many-paged copy of the application and the numerous confusing questions and answers of the medical examination therein contained, and there is no pretence that the same were explained or interpreted when delivered, or at any time. The rule of Stanulevich v. St. Lawrence Life Assn. 228 N. Y. 586, 127 N. E. 315, adopted by the courts of New York, to the effect that if the application signed by the insured is a part of the insurance contract, and contains any false warranty, regardless of whether it was inserted without the knowledge or procurement of the insured, there can be no recovery, has not obtained in this state. In Reynolds v. Atlas Accident Ins. Co. 69 Minn. 93, 71 N. W. 831, it was said that the insured, by the retention for three years of a policy containing a copy of the application having a false answer to a question material to the risk, must be deemed to have approved of and accepted the false answer. But there was no showing in that case of inability of the insured to read or understand the language in which the insurance contract was made. In the instant case there was evidence of such inability, and the certificate and copy of the application containing the false statement was in the possession of the insured less than three months. However, that such possession and retention without objection does not conclude the insured, as a matter of law, is now settled law in this state. See fifth paragraph of Olsson v. Midland Ins. Co. supra, and authorities there cited.

Error is based upon the refusal to give three requests. It is enough to state that the first two, which upon certain parts of the testimony instructs the jury to return a verdict for defendant, could not have been given, for, as above pointed out, it was for the jury to say whether the answer referred to in the application was the answer Mary Gruberski in fact made to the medical examiner. The third related to an issue not made by plaintiff, for there was no claim that payment of dues to Ulanecki waived the right of defendant to rely on the truthfulness of the warranties. The requests for instructions did not present the proposition now advanced that the jury should have determined whether by accepting the certificate, containing a copy of the application, and retaining it without objection, the insured adopted and made the false answer, written by the medical examiner, her own.

The court may not have accurately stated the position of plaintiff as to

whether or not the question in regard to pregnancy was put to the applicant, for the evidence tended rather to prove that her condition was stated truly and was so evident that defendant's medical examiner could not have avoided observing it—but no request was made to state this more clearly or accurately before the jury retired. In no other respect do we find anything in the charge to criticize, nor were any other specific errors assigned thereon in the motion for a new trial.

The admission of the book upon which an alleged agent of defendant receipted for dues, cannot have been prejudicial, for it only tended to prove payment, a fact not denied.

The order is affirmed.