## CLINTON M. JEPSON v. CENTRAL BUSINESS MENS ASSOCIATION.[1]

June 18, 1926.

No. 25,384.

**When neither directed verdict for defendant nor judgment non obstante should be ordered.**

A verdict should not be directed nor judgment non obstante ordered for defendant if from all the facts developed in the trial it appears that plaintiff has a cause of action. The court rightly applied that rule in disposing of this case.

Judgment, 33 C. J. p. 1185 n. 56.
Mutual Benefit Insurance, 29 Cyc. p. 92 n. 19; p. 242 n. 26.
Pleading, 31 Cyc. p. 170 n. 29.
Trial, 38 Cyc. p. 1578 n. 39.

Action in the district court for Hennepin county on an accident and health policy. The case was tried before Waite, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from the judgment entered pursuant to the verdict. Affirmed.

*A. V. Rieke* and *Bonita F. Rieke,* for appellant.
*Westphal & Ochu,* for respondent.

[1]Reported in 209 N. W. 487.

HOLT, J.

There was a verdict for plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied, and it appeals from the judgment entered pursuant to the verdict.

Error is assigned upon the court's overruling the objection of defendant to the reception of any evidence on the grounds that the complaint does not state facts sufficient to constitute a cause of action and that the action was prematurely brought. That a cause of action was stated in the complaint will appear from what follows. No defense that the action was prematurely brought was pleaded, even if it were available when, as here, defendant asks for judgment on the merits in its favor.

Since there was no motion for a new trial, nothing can really be questioned on this appeal except the refusal to direct a verdict for defendant and the denial of judgment non obstante. If either ruling was right the other was also. A directed verdict or judgment non obstante "will not be ordered for error in submitting issues to the jury, or if, from all the facts developed at the trial, it appears probable that plaintiff has a cause of action." Massey S. S. Co. v. Importers & Exp. Ins. Co. 153 Minn. 88, 189 N. W. 415, 31 A. L. R. 1372. With this rule in mind no effect can be given to the contentions that the record fails to show that the preliminary notice of illness was timely, that the proof of loss was defective and that the action was premature. Objections to a recovery on those and similar grounds are such as in all probability would be readily removed if the cause of action is not destroyed by the judgment which defendant now demands.

The action is for sick benefits under an insurance policy issued by defendant and incidentally to set aside a release or settlement alleged to have been obtained fraudulently and without consideration by defendant. Want of consideration is not so clearly alleged as might be, but as against objection first raised at the trial we deem the complaint sufficient. However, plaintiff's evidence is clear that the amount paid was less than the amount then due, and there was nothing tending to show even an effort to compromise a dis-

puted claim or liability. In that situation defendant should not have judgment notwithstanding the verdict. That plaintiff, after the policy took effect, was stricken with inflammatory rheumatism which entirely disabled him from any work, and that such disability persisted until the trial, are not seriously disputed. So that, unless the settlement is a conclusive bar or an attempted cancelation of the insurance was effective, there is a cause of action.

Defendant contends that plaintiff himself introduced proof of a dispute or the existence of a cause for compromise in the report he and his doctor made of the illness, showing that he had had an attack of inflammatory rheumatism some two years before the application for this insurance was made, and that he then had had a physician's care, both of which facts he did not divulge in the application, although it called for that information. But under the rule above stated defendant is not in a position to ask judgment on that ground, for the record shows that plaintiff offered to show that the application was made out by defendant's agent to whom plaintiff gave truthful answers regarding his former illness, but that such agent had incorrectly inserted them. This offered evidence was excluded. The following authorities indicate that it was admissible: Whitney v. Nat. M. Acc. Assn. 57 Minn. 472, 59 N. W. 943; Otte v. Hartford Life Ins. Co. 88 Minn. 423, 93 N. W. 608, 97 Am. St. 532; Zimmerman v. Banker's C. Co. 138 Minn. 442, 165 N. W. 271; Mack v. Pac. Mut. Life Ins. Co. 167 Minn. 53, 208 N. W. 410.

Another sufficient answer to defendant's claim for judgment because of the false answers in the application above alluded to is that at most it raised a jury question, for there was ample room for finding a waiver of the misrepresentation in the fact that defendant accepted a quarterly advance premium about August 10, 1923, when it had full knowledge that the representations in the application were not in accord with the truth.

There is nothing conclusive as to the claimed cancelation. Under the policy defendant could not cancel so as to deprive plaintiff of his continued right to the stipulated benefits for the illness he was suffering from so long as that illness persisted. The policy was not

surrendered nor was its surrender requested when a small unearned premium check was sent, which was received and cashed by plaintiff's wife, unbeknown to him.

Unless defendant was entitled to judgment on the pleadings, and it is not perceived how that could be ordered, there should not be judgment notwithstanding the verdict, for, conceding that no fraud or duress was proven in the procurement of the alleged settlement and release, it is clear there was no consideration therefor, and to say the very least want of consideration could in any event be made a jury question.

The judgment is affirmed.