## AARON F. SCHMITT v. UNITED STATES FIDELITY & GUARANTY COMPANY.[1]

November 5, 1926.

No. 25,631.

**Evidence insufficient to prove insurer had waived defense based on misrepresentations in applications.**

1. The evidence was insufficient to show conclusively that defendant had knowledge of misrepresentations in the applications for certain insurance policies when it canceled the policies and had waived its defense based on such misrepresentations by treating the policies as though they were in force.

**Evidence insufficient to charge plaintiff with misstatements in applications.**

2. The applications were procured by defendant's agent who had authority to transact its business of insurance in the state of Minnesota. They were signed in blank. The agent filled in the answers to the questions. The answers were inaccurate and incomplete, but under the evidence the jury might find that plaintiff had honestly stated the facts to the agent and requested him to fill in the answers in conformity with the statement. Following the rule announced in Kausal v. Minn. F. M. F. Ins. Assn. 31 Minn. 17, it is *held* that plaintiff cannot be charged with the misstatements in the applications.

**When inaccuracy or incompleteness of an answer will not avoid the policy.**

3. When its appears that an agent taking an application for insurance knows that the applicant's answers are qualified and represented to be true to the best of the applicant's knowledge, the inaccuracy or incompleteness of an answer will not avoid the policy unless the insured was guilty of bad faith.

**When insured is not charged with notice of misrepresentation in application.**

4. The insured is not charged with notice of a misrepresentation in the application merely because he accepted and retained the policy to which the application was attached.

[1]Reported in 210 N. W. 846.

Evidence of general scheme to defraud insufficient to require court to receive in evidence applications for other insurance.

5. The evidence fell short of showing a series of connected fraudulent doings or a general scheme to defraud which would require the trial court to receive in evidence applications for other insurance containing similar misstatements.

Trial court had discretion to receive in evidence other applications as collateral proof.

6. Proof of other applications was collateral to the issue on trial and it was within the discretion of the trial court to receive or reject it.

Why excluding prior applications was not error prejudicial to defendant.

7. There was no prejudicial error in excluding prior applications to defendant containing similar misstatements, because the answers in the later applications were copies of those in the earlier ones and the jury gained all the information they would have had if the first applications had been received.

"Earnings" in plaintiff's application did not refer to his net earnings and evidence as to his income tax properly excluded.

8. "Earnings" are the price of services performed or the fruit or reward of labor. The word as used in plaintiff's applications does not refer to net earnings.

Erroneous use of word "and" instead of "or" in charge should have been called to attention of court.

9. The erroneous use of the word "and" instead of "or" in charging the jury as to the effect of the alleged misrepresentations should have been called to the court's attention so that the mistake might be corrected in time, under the rule of Steinbauer v. Stone, 85 Minn. 274.

No prejudicial error in instruction relative to time when plaintiff might be charged with knowledge of misstatements.

10. There was no prejudicial error in the instructions relative to the time when plaintiff might become charged with knowledge of misstatements in the applications.

Appeal and Error, 3 C. J. p. 843 n. 67; 4 C. J. p. 1011 n. 13; p. 1029 n. 30.

Earnings, 19 C. J. p. 853 n. 91; p. 854 n. 95.

Evidence, 22 C. J. p. 744 n. 42; p. 749 n. 65.

Health Insurance, 29 C. J. p. 284 n. 8.

Insurance, 32 C. J. p. 1287 n. 49; p. 1337 n. 99; 33 C. J. p. 128 n. 10.

Life Insurance, 37 C. J. p. 467 n. 62.

See notes in 43 L. R. A. (N. S.) 431; L. R. A. 1917C, 872; 14 R. C. L. 1071; 3 R. C. L. Supp. 336.

Defendant appealed from an order of the district court for Blue Earth county, Comstock, J., denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

Cobb, Wheelwright, Hoke & Benson and Tracy J. Peycke, for appellant.

C. J. Laurisch and H. L. & J. W. Schmitt & H. W. Volk, for respondent.

LEES, C.

Plaintiff recovered a verdict in an action on two policies of health and accident insurance. Defendant has appealed from an order denying its motion for judgment notwithstanding the verdict or a new trial.

Misrepresentations in the applications for the policies were pleaded as a defense. That the sickness for which plaintiff claimed indemnity was contracted prior to the beginning of the term of the policies, and that the policies were canceled, were pleaded as additional defenses. In reply plaintiff alleged that when the applications were taken he truthfully gave all the information sought and that defendant issued the policies with knowledge of the facts disclosed. By supplemental answer defendant alleged that it had tendered a return of all premiums paid, with interest thereon, and that the tender was refused. Plaintiff replied that on September 23, 1925, defendant denied liability; that the action was commenced on September 28th and the answer served on October 22nd, and that on October 6th by canceling the policies defendant had waived all the

defenses pleaded in the original answer.   At the close of the evidence, both parties moved for a directed verdict.   Both motions were denied.

The applications contain this provision:

"I understand and agree that the right to recovery under any policy which may be issued upon the basis of this application shall be barred in the event of any one of the following statements, material either to the acceptance of the risk or to the hazard assumed by the company is false, or in the event that any one of the following statements is false and made with intent to deceive."

On ·this appeal plaintiff takes the position that his motion should have been granted because defendant waived the defense of fraud by canceling the policies and that therefore the court need not consider the points raised by defendant.

That there can be no waiver unless there was an intentional relinquishment of known rights is not disputed.   But it is argued that, knowing the policies had been obtained by fraud, defendant elected to treat the contract of insurance as in force and thereby waived the defense.

On September 23rd defendant wrote to plaintiff saying that it had made a careful investigation of plaintiff's claim for indemnity on account of illness and denied liability "because we do not believe that the circumstances surrounding your present claim are within the contemplation of our policies and also for other good and sufficient reasons."   It is contended that this letter establishes defendant's knowledge of the facts subsequently pleaded as a defense.   We do not sustain the contention.   Possibly a jury might infer from the letter and defendant's conduct after writing it that defendant must have known of the misrepresentations when it canceled the policies, but plaintiff did not ask the court to submit the question to the jury and it was not submitted.   It cannot be held as a matter of law that defendant had knowledge of the alleged misrepresentations when it gave the notice of cancelation.

In considering the argument in support of defendant's motion for judgment, we proceed on the assumption that the answers to the

questions in the applications were incomplete and inaccurate, and that there were misrepresentations which were material and increased the risk of loss. We are nevertheless of the opinion that the motion was properly denied. The applications were procured by G. W. Harden, whom defendant had appointed as its agent with authority to transact its business of insurance in the state of Minnesota. They were signed in blank. Harden filled in the answers at the defendant's office in Minneapolis, where the applications were approved by someone in authority. The policies were then written and countersigned by Harden and delivered to plaintiff. Under the evidence the jury might find that when the applications were taken plaintiff stated facts to Harden which he failed to mention in the answers he filled in, although plaintiff had requested him to do so, and that he also handed a written statement to Harden, designated as Exhibit G, to which Harden paid no attention when he filled in the answers to questions relative to health and accident insurance carried, indemnities paid, injuries and illnesses suffered and policies canceled or lapsed. Harden's denial of this made it the duty of the jury to determine where the truth lay. Evidently they believed plaintiff's testimony instead of Harden's. The evidence was sufficient to bring the case within the rules approved in Kausal v. Minn. F. M. F. Ins. Assn. 31 Minn. 17, 16 N. W. 430, 47 Am. Rep. 776; Whitney v. National M. Acc. Assn. 57 Minn. 472, 59 N. W. 943; Otte v. Hartford Life Ins. Co. 88 Minn. 423, 93 N. W. 608, 97 Am. St. 532; Zimmerman v. Bankers Casualty Co. 138 Minn. 442, 165 N. W. 271; Shaughnessy v. N. Y. Life Ins. Co. 163 Minn. 134, 203 N. W. 600; and Mack v. Pac. Mut. Life Ins. Co. 167 Minn. 53, 208 N. W. 410.

But it is argued that this case must be differentiated from those cited because it appears that plaintiff did not give Harden a correct statement of all the facts called for by the questions. This is true, but Exhibit G begins with these words: "Statement of Accident and Health Insurance for Geo. W. Harden—As I recall the facts— not certain as to exactness or completeness." Under the heading Indemnities Received: "I am not certain—too long ago," and again: "Do not remember amounts and am not certain as to completeness." Under the heading Policies Cancelled: "As I remember, but I can

not be certain as to completeness." It thus appears that Harden knew that plaintiff was unable to answer the questions completely and did not vouch for the accuracy of his answers. Defendant is charged with notice of the facts thus communicated to Harden. In this situation three courses were open to defendant. It might have declined to issue the policies, or have called for more definite information before issuing them, or it might accept the applications and issue the policies. By taking the third course, we think it lost the right to assert thereafter that plaintiff misstated the facts called for by the questions in the applications.

In 37 C. J. p. 466, the rule is thus stated:

"If the answer is qualified as made to the best of insured's knowledge * * * the falsity of the answer will not avoid the policy unless insured knew that it was untrue and answered in bad faith."

In Rupert v. Supreme Ct. U. O. F. 94 Minn. 293, 102 N. W. 715, it was held that an answer to a question concerning previous consultations of physicians which admits one examination and omits others, but does not purport to be a full and complete reply to all questions in that connection, if accepted in its incomplete form, is not affirmatively shown to have been false so as to prevent recovery on the policy.

In Ranta v. Supreme Tent K. of M. 97 Minn. 454, 107 N. W. 156, the court said that an applicant who makes qualified answers to the questions in the application should be held to warrant only his bona fide belief in the truthfulness of his answers and, unless there was bad faith or an intentional suppression of facts, the applicant should not be charged with the consequences of fraud or of innocent misrepresentations which materially affect the acceptance of the application or the risk of loss. See also Smith v. Prudential Ins. Co. [83 N. J. L. 719, 85 Atl. 190] 43 L. R. A. (N. S.) 431, and note, in which the cases in other jurisdictions are reviewed, and note in L. R. A. 1917C, p. 872.

Plaintiff is not chargeable with notice of the falsity of the answers merely because he accepted the policies with the incorrect

applications attached thereto.  Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474; Gruberski v. Brotherhood of A. Y. 149 Minn. 49, 182 N. W. 716.

Shaughnessy v. N. Y. Life Ins. Co. supra, does not touch this point. There the insured signed an application which had been completely filled out in her presence, and it was held that her beneficiary could not avoid the effect of misrepresentations by a mere showing that the insured did not read the application.  The effect of the acceptance and retention of the policy was not involved or referred to.

Many points are made in the attack on the denial of defendant's motion for a new trial.  Before and after making the applications in question, plaintiff applied to other companies for policies of life or accident insurance.  Defendant offered some of these applications in evidence to show that they contained similar misstatements. The court excluded them, and this is assigned as error.  It should be said in passing that some of the applications were for insurance in commercial and traveling men's associations doing business on the assessment plan, and that the evidence is to the effect that Harden told plaintiff that defendant was not interested in information concerning applications for such insurance.

It is argued that repeated misstatements of the same nature justify the conclusion that plaintiff had a general plan or scheme to deceive insurance companies and procure insurance he could not have obtained if his applications had revealed the true state of facts, and that the answers to questions in other applications tended to show that the omissions in question were not by accident but by design. See Penn. Mut. L. Ins. Co. v. Mech. Sav. Bk. & Tr. Co. 19 C. C. A. 286, 72 F. 413, 38 L. R. A. 33, 70.

In Albrecht v. Rathai, 150 Minn. 256, 185 N. W. 259, the court gave careful consideration to the question whether proof of other similar fraudulent acts is receivable to show an intent or design to defraud.  It was said that, if the other acts were of such a character as to show a series of connected fraudulent doings or a general scheme to defraud, broad enough to include the fraud under consideration and of which it was a part, such proof was competent.  This is not such a case.  The evidence fell short of showing that plaintiff

had concocted a scheme to deceive insurance companies or that he was engaged in fraudulent practices in his dealings with them. The fact that prior or subsequent applications were also incomplete or inaccurate is consistent with innocence. It indicates a faulty memory, but hardly a deliberate purpose to deceive. To hold that a man who takes out insurance over a period of years may be charged with a systematic course of fraudulent practices merely because the same misstatement occurs in disconnected applications for policies, would establish a rule for which there is no justification in reason or experience. Something more must be shown before a systematically fraudulent intention may be charged to the insured.

Again, the statements in other applications were collateral to the main issue on trial. The rule is well settled that in receiving or rejecting evidence of collateral facts the trial court has a rather broad discretion and that this court will not readily interfere with the exercise thereof. Dun. Dig. § 3252; Vought v. Porter, 168 Minn. 43, 209 N. W. 642. This is not a case justifying interference.

The applications in question were taken on November 30, 1923. In May, 1922, plaintiff applied to defendant for a policy of accident insurance, and in November, 1922, for another. The earlier application was in plaintiff's handwriting. Harden testified that when he took the application of November 30th plaintiff told him that there had been no change in matters covered by the 1922 applications, and that the blanks in the 1923 applications might be filled by copying the earlier ones. It is urged that the court's refusal to receive the 1922 applications in evidence was erroneous for the reasons already considered and because they corroborated Harden and contradicted plaintiff. There would be force in the last contention but for the fact that the answers in both sets of applications are the same. The jury knew the contents of the 1923 applications. Harden's testimony that he went to the earlier applications and copied the answers in filling the blanks in the later ones was not disputed. Knowing that the answers were the same, the jury had all the information they would have had if the 1922 applications had been laid before them.

There was no error in restricting plaintiff's cross-examination to his gross as distinguished from his net earnings in defendant's attempt to show that plaintiff earned less than the total indemnities he would receive under his policies. The word "earnings," as used in the applications, did not refer to net earnings. Earnings are the price of services performed—the fruit or reward of labor. See 19 C. J. 853; Anderson, Law Dict. 390; 2 Words & Phrases (2d ed.) p. 210. For this reason evidence as to the income tax plaintiff paid was properly excluded.

It is argued that the court erred in instructing the jury that defendant must prove that the alleged misrepresentations in the applications were false *and* made with intent to deceive *and* that defendant would not have issued the policies if it had not believed them *and* that the misrepresentations increased the risk of loss. The criticism is that the word "and" instead of "or" was used.

We have held that, if a misrepresentation is material, no intent to deceive need be shown. Johnson v. Nat. Life Ins. Co. 123 Minn. 453, 144 N. W. 218, Ann. Cas. 1915A, 458; Shaughnessy v. N. Y. Life Ins. Co. supra. Accordingly the instruction should have been in the disjunctive form instead of the conjunctive.

The rule is that in instructing the jury the trial court should state the law in a practical and concrete form and that an error in a concrete instruction is not cured by a correct statement of an abstract proposition on the same subject, because instructions of practical application to the evidence are presumed to be more effective than those of an abstract character. Gorstz v. Pinske, 82 Minn. 456, 85 N. W. 215, 83 Am. St. 441. It is also the rule that if the instructions are inconsistent and calculated to mislead and confuse rather than inform and guide the jury, the verdict should not stand. McCormick v. Kelly, 28 Minn. 135, 9 N. W. 675.

After giving the instruction complained of, the court correctly charged that a material misrepresentation, made with actual intent to deceive, would avoid the policies, and that a misrepresentation made innocently and without intent to deceive would avoid the policies if the misrepresentation materially affected either the ac-

ceptance of the applications or the risk assumed by the defendant. Considering the charge as a whole, we are of the opinion that the jury could hardly have been misled, but, if defendant's counsel feared a misapprehension, the court's attention should have been called to the misuse of the word "and." Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

The charge is criticised on the ground that it failed to inform the jury that, if plaintiff knew or was charged with knowledge of the alleged misrepresentations, the defendant might assert the defense pleaded in spite of the fact that Harden was informed as to the true state of facts. The instructions on that feature of the case were to the effect that plaintiff was not bound by Harden's acts in filling out the applications unless he had knowledge of the misstatements at the time he signed them or before the delivery of the policies. This was not correct, for if plaintiff learned of the misstatements after the policies were delivered and before his claim to indemnity arose and remained silent, he might be bound no less than if he had learned of them before the policies were delivered. But there is no evidence that plaintiff did learn of them at any time after the policies were issued and before the trial began. Plaintiff testified that he did not examine the applications or read the policies until after his claim arose; that when he received the policies he placed them in his safe and later in his safety deposit box in a bank, where they remained until he made proof of his claim. In the absence of a showing that plaintiff was charged with notice of the misrepresentations after the policies were issued, there was no occasion to instruct the jury as to the effect such knowledge would have had if it were proved.

Complaint is made because the court instructed the jury that if the plaintiff informed Harden that he was not certain as to the facts communicated when the applications were made, it became Harden's duty to transmit the information to the defendant and, if he failed to do so without the knowledge or consent of the plaintiff, the defendant could not avoid the policies.

The ground of complaint is that the statement should have been qualified by an instruction that this would not be the effect if the

plaintiff acted in bad faith. This portion of the charge must be read in conjunction with the instruction that if the plaintiff knew that the applications were incorrect at the time of the delivery of the policies, he could not recover. Considering the charge as a whole, we think the jury could not fail to understand that if the plaintiff intended to deceive or defraud the defendant, there could be no recovery.

Other assignments of error are discussed in the briefs and have received our attention. We find nothing substantial in any of them and will not prolong this opinion by discussing them.

Order affirmed.