AARON F. SCHMITT v. MASSACHUSETTS PROTECTIVE
ASSOCIATION, INC.[1]

January 21, 1927.

No. 25,808.

**Verdict for plaintiff sustained.**

1. Evidence *held* sufficient to support the verdict.

**Findings sustained as to insured's answers to agent and agent's misstatements in application.**

2. Evidence supports findings that the insured answered correctly all questions asked by appellant's agent, that the agent filled them into application incorrectly, and that such misstatements are not chargeable to insured.

**When incorrect answers of insured in application will not avoid policy.**

3. Where an agent authorized to take applications for insurance knows that the applicant's answers to questions in the application are made to the best of his knowledge and belief, and prove to be incorrect, they will not, in the absence of bad faith, avoid the policy.

**When insured is not chargeable with notice of misrepresentation in application.**

4. Insured not chargeable with notice of misrepresentation in application merely because he retained the policy to which the application was attached.

**Admissibility in evidence of applications for insurance in other companies.**

5. Whether applications to other companies for insurance were admissible in evidence rests largely in the discretion of the trial court.

**Instructions to jury correct within rule of Schmitt case, 169 Minn. 106.**

6. Instructions *held* not prejudicial to rights of appellant.

Appeal and Error, 4 C. J. p. 1130 n. 64.
Health Insurance, 29 C. J. p. 284 n. 8, 20.
Insurance, 32 C. J. p. 1279 n. 50; p. 1333 n. 62; p. 1337 n. 95; 33 C. J. p. 114 n. 31; p. 125 n. 70.

[1]Reported in 212 N. W. 5.

See note in 4 L. R. A. (N. S.) 607; L. R. A. 1915A, 273; L. R. A.
1918B, 574; 1 A. L. R. 465; 14 R. C. L. 1174; 3 R. C. L. Supp. 351;
6 R. C. L. Supp. 862.

Defendant appealed from an order of the district court for Blue
Earth county, Comstock, J., denying its motion for judgment not-
withstanding the verdict or a new trial. Affirmed.

*Cobb, Wheelwright, Hoke & Benson* and *Tracy J. Peycke,* for appel-
lant.

*C. J. Laurisch, H. L. & J. W. Schmitt* and *H. W. Volk,* for respond-
ent.

QUINN, J.

Action upon two health and accident policies issued by the de-
fendant to plaintiff. The first policy is dated August 15, 1924, and
provides for indemnity of $100 per week for total disability due to
injury or disease. The second is dated May 15, 1925, and provides
for an indemnity of $50 per week. There was a verdict in favor
of plaintiff. From an order denying its alternative motion for judg-
ment or for a new trial, defendant appealed.

The policies are similar in form. In its answer the defendant
denies that plaintiff's disability was the result of illness originating
within the period covered by the policies, or either of them, and
further alleges that the policies were issued in reliance upon written
applications which contain materially false and fraudulent state-
ments by the plaintiff. The reply puts in issue the allegations of the
answer, alleges that when the applications were made plaintiff truth-
fully stated and gave all the information sought by defendant, and
that defendant issued the policies with knowledge of the facts so
disclosed and upon a physical examination of the plaintiff by its own
physician.

Plaintiff has been a physician and surgeon, engaged in the general
practice of his profession in this state since the year 1902. He was
located at Wells for a time, then at Mankato until the fall of 1921,
when he went to Minneapolis and engaged in practice there with
his brother, Dr. S. C. Schmitt. He was taken sick on May 28, 1925,

with a severe cold and some trouble with the urinary bladder developed. On June 5 he was taken with a heart attack after ascending five flights of stairs. On the afternoon of that day he went to the Mayo Clinic at Rochester. On June 19 a preliminary operation for the removal of the prostate gland was had and on July 3 the gland was removed. On August 16 he became dizzy, faint and sick at the stomach; his mind was not clear; he was numb on the right side and had no control over his right arm and leg and has not been able to use the same since. He has been totally disabled since June 5, 1925.

The defendant's home office is at Worcester, Massachusetts, and I. B. Beyers is its general agent at Minneapolis with authority to take applications and to deliver policies. Beyers filled out the blank applications for the policies in question and plaintiff thereafter signed them. Copies of such applications are attached to the policies which are attached to the complaint.

Beyers was licensed by the state insurance commissioner to transact the business of the defendant company as its agent in the state of Minnesota during the period between March 1, 1924, and March 1, 1926. As such agent Beyers solicited the insurance under consideration. He prepared the applications in the plaintiff's office while the latter was engaged with patients, Dr. S. C. Schmitt being present. When the application for the second policy was being prepared D. A. Northey was present. Under the evidence defendant should not be permitted to deny that Beyers was its general agent with authority to transact its business such as here involved.

It is urged on behalf of appellant that questions 9 and 15 of part 1 and question 9 and 10 of part 2 in the application for the first policy were pertinent and material and that the answers thereto were false. In considering appellant's motion for judgment we proceed upon the theory that the answers to such questions were incomplete, inaccurate and constituted misrepresentations which were material and increased the hazard. We are nevertheless of the opinion that appellant was not entitled to judgment as a matter of law. The application was prepared by appellant's agent, signed

by the respondent without reading and indorsed by appellant's agent. Under the evidence the jury might find that, when the application was taken, plaintiff, as he contends, stated facts to Beyers which he failed to insert in the answers in the application. Plaintiff's testimony relating to these matters and Beyer's denial of the same made it a question for the jury to determine where the truth lay under the rule announced in Zimmerman v. Bankers Casualty Co. 138 Minn. 442, 165 N. W. 271.

The questions and answers contained in the application for the first policy which we deem of importance upon this appeal are questions 9 and 15 of part 1 and questions 9 and 10 of part 2, and the answers thereto which are as follows:

Part 1. "9. Have you ever had an application for accident, health or life insurance declined, or any policy cancelled? No."

"15. What health or accident insurance do you now carry? F. & G. ex. in Nov., Federal Trust Ex July 1925."

Part 2. "9. Have you ever received or been refused compensation or other allowance for accidental injuries or sickness? No."

"10. Does the disability indemnity applied for in this and other companies or associations together with other insurance now held by you exceed your average monthly earnings? No."

Upon the trial plaintiff testified that, in answer to question 9 first above set forth, he stated to defendant's agent that he had carried disability insurance for over 25 years; that some policies were declined, others canceled, and that he had canceled some himself; that he could not state accurately all of the matters inquired about; that he wanted his full statements written into the application, but that he could not be certain as to their absolute correctness or completeness; that he made the same reservations as to matters inquired about by the medical examiner.

The plaintiff also testified that in answer to question 15 he disclosed to the agent all of the insurance, accident, health and life, that he carried at the time; that he told the agent that he had, in addition to the two policies referred to in the answer, two accident policies in the Illinois Commercial Men's Association and one accident policy in the Aetna but that the agent had omitted to insert them in the answer; that he told the agent that he carried $140,000 life insurance and that some of those policies provided for permanent total disability.

As to the answer to question 9, part 2, plaintiff contends that he told the agent that he had never been refused compensation; that his answer was true and that there is no evidence in the record of its falsity. In answer to question 10, part 2, the respondent insists that the answer thereto is true. In determining the total amount of indemnity which plaintiff was carrying at the times in question, only the minimum health indemnity provided for in each policy should be considered to the exclusion of accident indemnity which is not involved in this litigation. A practical construction should be given the policies. Under the evidence the question whether plaintiff was carrying health indemnity to an amount in excess of his average monthly earning was for the jury.

In considering the liability of appellant on account of the second policy set forth in the complaint and the application therefor, the same testimony, facts, objections and arguments apply in a general way as to the first policy and no good would come by traversing the same a second time. The facts and testimony are substantially similar.

Plaintiff testified in effect that in making the applications he stated fully and to the best of his ability as to the policies which he was carrying and which had been canceled; that he was busy with patients at the time; that he looked the applications over before signing; that he supposed the agent had written in his answers correctly as given and that he trusted him so to do. Plaintiff was corroborated by other witnesses. The jury determined the issues in accordance with the contention of the insured and we think the

findings are justified by the evidence. As held in Zimmerman v. Bankers Cas. Co. 138 Minn. 442, 165 N. W. 271, where the agent of an insurance company takes an application for insurance, and the facts are correctly stated to him by the applicant and the application is filled out incorrectly by the agent and thereafter signed by applicant, he supposing the same to be correct, the error is chargeable to the insurer and not to the insured and will not avoid the policy. The assured is not chargeable with notice of the falsity of the application merely because he accepted the policy with the application attached. Zimmerman v. Bankers Cas. Co. supra; Gruberski v. Brotherhood of Am. Y. 149 Minn. 49, 182 N. W. 716; Schmitt v. U. S. F. & G. Co. 169 Minn. 106, 210 N. W. 846; Mack v. Pac. Mut. Life Ins. Co. 167 Minn. 53, 208 N. W. 410.

There were over 50 assignments of error covering many points other than those above referred to. It is contended on behalf of appellant, in relation thereto, that the verdict was not justified by the evidence; that appellant was prejudiced by the alleged misconduct of counsel for plaintiff; that it was error to reject the applications and blanks made by plaintiff to the insurance companies prior to the time of the making of the applications here in question; that appellant's counsel was unduly restricted in the cross-examination of plaintiff; that it was prejudicial error to permit plaintiff to reopen his main case after defendant had rested; that it was prejudicial error to admit evidence as to the interpretation of the policies by an officer of appellant and to exclude testimony on cross-examination of plaintiff as to previous medical treatment on the ground that it was privileged; that the court erred in charging the jury; that it was error to instruct the jury that defendant, in issuing the second policy, was charged with knowledge of matters contained in the application for the first policy; that misrepresentations made with actual intent to deceive will avoid the policy; that plaintiff could not avoid the effect of misrepresentations in the application by testimony that he advised the plaintiff that he was not certain of the accuracy of the facts given.

These various assignments of error, as contended for by the appellant, were involved in the case of Schmitt v. U. S. F. & G. Co. supra.

While they are not identical with the assignments in that case, yet they are substantially the same and were there fully considered and held not to be sufficient to require the granting of a new trial. The holdings in that case are applicable here.

Affirmed.