# ROBERT R. BULLOCK v. NEW YORK LIFE INSURANCE COMPANY.[1]

December 26, 1930.

No. 28,193.

[1]Reported in 233 N. W. 858.

*Doherty, Rumble, Bunn & Butler,* for appellant.
*John G. Priebe,* for respondent.

OLSEN, J.

Defendant appeals from an order denying its alternative motion for judgment or a new trial.

The plaintiff brought this action to recover upon a policy of life insurance upon the life of Elizabeth Bullock, issued by defendant on March 5, 1929. Plaintiff was the husband of Elizabeth and the beneficiary named in the policy. Elizabeth died on May 30, 1929. Plaintiff recovered a verdict. The defense interposed was that in her application for the policy Elizabeth had made material untrue and false answers to questions concerning her health, prior illnesses, and prior consultations with and treatment by physicians; that these answers were relied upon by the defendant and materially affected the risk; that these untrue answers were fraudulently made with intent to deceive the defendant. On these grounds defendant had attempted to cancel the policy and return the premium on July 17, 1929.

The court submitted to the jury whether the insured had made fraudulent or false statements in her application (a) in failing to

disclose that she was suffering from cancer of the tongue; (b) in failing to disclose that she was suffering from tuberculosis; (c) in failing to disclose that she was treated by Dr. Fleming for cancer of the tongue in January, 1929; (d) as to her physical condition and her treatment by doctors in January, 1929. The court then charged that the law was that no oral or written misrepresentations made by the assured in an application shall be deemed material or avoid the policy unless made with intent to deceive and defraud or unless the matters misrepresented increased the risk of loss; that material misrepresentations will avoid the policy if the matters misrepresented increase the risk of loss even though not made with intent to deceive or defraud. The court then left it to the jury to find whether material misrepresentations had been made in regard to any of the matters stated and, if so, whether such misrepresentations were made with intent to deceive or defraud or did increase the risk of loss. The court charged that if the jury found material misrepresentations had been made and were made with intent to deceive, or that the risk of loss was thereby increased, then plaintiff could not recover and verdict in defendant's favor should be returned. No error is assigned upon the charge as given. The refusal to give certain requests to charge is assigned as error and will be later considered.

■ Instructions unobjected to become the law of the case. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 9792, and cases cited in note 38. Whether the verdict is sustained by the evidence is then to be determined by the application of the rules of law laid down in the charge. Smith v. Pearson, 44 Minn. 397, 46 N. W. 849; Smith v. Gray Motor Co. 169 Minn. 45, 210 N. W. 618. The rule should not apply where the record or the evidence conclusively shows that the party in whose favor the verdict is rendered is not entitled to recover. White v. Western Assurance Co. 52 Minn. 352, 54 N. W. 195; George A. Hormel & Co. v. American Bonding Co. 112 Minn. 288, 128 N. W. 12, 33 L.R.A.(N.S.) 513. The evidence in our present case is not conclusive against recovery, and we cannot disturb the verdict on that ground. There is evidence sufficient to sustain the verdict.

■ It is assigned as error that Dr. Carlson was not permitted to testify as to what history he had in connection with carcinoma that was confirmed by the post mortem. The history referred to was what someone, not the assured, had told him at the time of the post mortem examination. We do not think it was competent. Laury v. N. W. Mut. L. Ins. Co. 180 Minn. 205, 230 N. W. 648, 231 N. W. 824.

■ The witness Dr. Fleming was not permitted to refresh his recollection by· use of his office records as to dates when he had treated the assured. No reason is apparent why the witness should not have been permitted so to do. But he testified that he recollected the matter without reference to his records and gave quite clear testimony as to the material time of the treatments, so that we cannot say that there was prejudicial error.

■ Plaintiff and one Lena Bullock were permitted to testify as to what the assured stated to the defendant's medical examiner who examined the assured and made out the medical report, as a part of the application for insurance attached to the policy. The plaintiff by his reply had denied that the assured had made any false statements in her application for insurance. The medical examiner made a physical examination of the assured, asked her questions, and himself filled in the application. He testified that he did not have applicant read over the questions or the report; that he asked the ·questions and when he got through asked her to sign the report and if she had answered the questions truthfully. The testimony admitted was for the purpose of showing that the assured correctly answered the questions asked her by the medical examiner and that any errors and omissions therein were caused by the failure of the medical examiner correctly ·and fully to set out her answers in the application made out by him. The evidence was competent. Whitney v. National M. A. Assn. 57 Minn. 472, 59 N. W. 943; Otte v. Hartford L. Ins. Co. 88 Minn. 423, 93 N. W. 608, 97 A. S. R. 532; Zimmerman v. Bankers Cas. Co. 138 Minn. 442, 165 N. W. 271; Gruberski v. Brotherhood of Am. Y. 149 Minn. 49, 182 N. W. 716; Mack v. Pacific M. L. Ins. Co. 167 Minn. 53, 208 N. W. 410; Jepson

v. Central B. M. Assn. 168 Minn. 19, 209 N. W. 487; Schmitt v. Massachusetts Protective Assn. 170 Minn. 60, 212 N. W. 5.

■ On cross-examination by plaintiff's counsel of Dr. Widen, the medical examiner, he was asked to state what his report to the defendant company was as to the condition of applicant's lungs. This report was not a part of the application attached to the policy. The question was not objected to as not being proper cross-examination. In view of the direct examination of this witness and the contents of the application written by him and attached to the policy, we deem the question proper on cross-examination.

■ The court refused to give a number of oral requests to charge, made after the court had completed its charge to the jury. In its charge the court modified several written requests presented by defendant before the charge was given. Without reciting these requests, we hold that, so far as correct and applicable under the evidence presented, they appear to be sufficiently covered by the general charge.

■ Plaintiff's counsel in his argument to the jury read certain portions of defendant's answer and commented thereon. The portions read contained some allegations which defendant had not attempted to prove and which presented no question for the jury to consider. In Peery v. Illinois Cent. R. Co. 128 Minn. 119, 150 N. W. 382, 1103, it was held error for the court to read the pleadings to the jury, but not prejudicial error where the charge clearly defined and limited the issues for the jury to pass upon. In other cases the reading of the pleadings to the jury by the court has been disapproved. Mattson v. Minnesota & N. W. R. Co. 98 Minn. 296, 108 N. W. 517; Savino v. Griffin Wheel Co. 118 Minn. 290, 136 N. W. 876. In Mullen v. Devenney, 149 Minn. 251, 183 N. W. 350, where plaintiff's counsel read the complaint to the jury in his opening statement, it was held that it was not error for the court to refuse to charge that there was no evidence to sustain certain specified allegations of the complaint. The reading of the pleadings by counsel in argument to the jury is disapproved; but where the court clearly defines and limits by its charge the issues which the jury is to determine, it should not be held ground for reversal.

The order in which the closing arguments shall be made is largely a matter of discretion for the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion. Lockway v. Modern Woodmen, 121 Minn. 170, 141 N. W. 1. We find no abuse of discretion here.

There is no assignment of error raising the question of error in counsel's reading to the jury from a reported decision of this court.

Order affirmed.