# JULIUS DOBROWOLOSKE v. ANDREW PARPALA.[1]

May 23, 1913.

Nos. 18,041—(109).

**Injury caused by intoxication — charge to jury.**
1. Unchallenged instructions given in an action under Laws 1911, c. 175, for damages alleged to have been occasioned by the intoxication of the plaintiff's minor son with liquor, claimed to have been purchased at the defendant's saloon, *held* the law of the case, by which the sufficiency of the evidence to sustain the verdict must be gauged.

**Evidence.**
2. Evidence examined and *held*, when so tested, sufficient to sustain a verdict for the plaintiff.

**New trial — discretion of court.**
3. Trial court *held* not to have abused its discretion in denying the defendant's application for a new trial based upon alleged accident and surprise.

Action in the district court for Carlton county to recover $1,800 for loss of services of, and medical attendance furnished to plaintiff's minor son, occasioned by an injury alleged to have been caused because of his intoxication with liquor illegally sold him by defendant. The facts are stated in the opinion. The case was tried before Cant, J., and a jury which returned a verdict of $533 in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*O. J. Larson, M. E. Louisell* and *John Saari*, for appellant.

*F. T. Persinger* and *Latham, Pidgeon & Larson*, for respondent.

Philip E. Brown, J.

Appeal by the defendant from an order denying his motion for a new trial after verdict for the plaintiff for $533. The action was one to recover for loss of service of, and for medicine and medical

[1] Reported in 141 N. W. 803.

attendance furnished to the plaintiff's minor son, Conrad, alleged to have been occasioned by the maiming of the son on August 17, 1911, while he was jumping from a moving train, because of his intoxication with liquor illegally sold him by the defendant at Cloquet. The action was founded upon the provisions of Laws 1911, p. 221, c. 175, which were in force at the time of the occurrence. This statute is as follows:

"Every husband, wife, child, parent, guardian, employer, or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, shall have a right of action in his or her own name, against any person, who shall by illegally selling, bartering, or giving intoxicating liquors, have caused the intoxication of such person, for all damages sustained; and all damages recovered by a minor under this act shall be paid either to such minor or to his or her parent, guardian, or next friend, as the court shall direct; and all suits for damages under this act shall be by civil action in any of the courts of this state having jurisdiction thereof."

The minority of the son was established on the trial, and it appeared that shortly after he had drunk a considerable quantity of beer, claimed by him to have been purchased personally at the defendant's saloon from the defendant and his barkeeper on different occasions on the day of the accident, and while, as he testified, he was thereby intoxicated, his leg was crushed by a car spring when he was attempting to jump from or upon an iron dump car of an ore train moving at the rate of 10 or 15 miles an hour. The defendant admitted making one sale to Conrad, but denied that his barkeeper made any. He also denied Conrad's intoxication, and insisted that if such were the fact, the injuries were not caused thereby nor from intoxication. Other alleged defenses were set up in the answer, but were not pressed. The court clearly and fairly submitted the following propositions to the jury as controlling the controversy concerning the defendant's responsibility for the accident:

(1) Was the son so intoxicated at the time he received his injuries that they were brought about thereby as the producing cause?

(2) If so, did the defendant, or those in his employ, sell or furnish to the son the liquor which caused his intoxication?

1. All the assignments of error, save one, raise the sole question of the sufficiency of the evidence to sustain the verdict. The charge stands unchallenged and, thus becoming the law of the case, the sufficiency of the proofs must be gauged thereby. Dunnell, Minn. Pr. § 1902. We have examined the record, and, when thus tested, find ample evidence to support the verdict.

2. The only other assignment relates to the refusal of the trial court to grant a new trial on the ground of accident and surprise. Conrad testified on the trial, and before the plaintiff rested his case in chief, that prior to the accident, and in the afternoon of the same day, he bought beer twice from the defendant's barkeeper. He claimed to be unable to give the surname of this man, but stated that his Christian name was Peter, and gave a somewhat extended description of such person, which is not claimed to be inaccurate. The appellant, on the affidavits of Peter Peterson and himself, claimed the right of a new trial on the ground stated, which affidavits were substantially alike, each stating that Peterson was not in the defendant's employment on the day of the accident, nor for a considerable time prior thereto, and that he was in fact sick and confined to his bed on the date stated, and was under the care of a named physician. It appeared by Peterson's affidavit that he was a resident of the county in which the action was tried, and there is nothing in either affidavit to indicate that he was not at his place of residence at the time of the trial, nor does its distance from the county seat appear therefrom. The excuse given by the defendant for not having Peterson sworn in his behalf is stated in the form of a mere conclusion to the effect that, at the time Peterson's name developed on the trial, it was too late to procure his evidence, and that he had no reason to anticipate that the plaintiff would offer testimony connecting Peterson with the sale of liquor to the son. The record shows that no application was made for the postponement of the trial, so that Peterson might be produced. No affidavit of the physician who Peterson claims was treating him appears, and no explanation is made of its absence. The order appealed from cannot be disturbed on the ground urged

against it. The applicable rule is stated in Hull v. Minneapolis St. Ry. Co. 64 Minn. 402, 403, 67 N. W. 218, 219, as follows:

"New trials on the ground of surprise should be granted with great caution, and granting or refusing motions founded on this ground rests in the sound discretion of the trial court, and an appellate court will not disturb its action except for a clear abuse of such discretion."

See also 2 Dunnell, Minn. Dig. §§ 7117, 7118.

Order affirmed.