# FRANK G. CARLSON v. AUGUST M. STORK AND OTHERS.[1]

February 10, 1933.

No. 29,262.

*Somsen, Dempsey & Flor* and *Orr, Stark, Kidder & Freeman,* for appellants.

*Leo J. Seifert* and *Frank E. Dougherty,* for respondent.

[1]Reported in 246 N. W. 746.

HOLT, JUSTICE.

Defendants appeal from the order denying their motion for judgment notwithstanding the verdict or a new trial.

The action is to recover for personal injuries received when a truck owned by defendants Stork Bros., a partnership, and operated by defendant Walter Schreiner, a servant of the partnership, collided with a Buick car driven by plaintiff. The complaint charged the driver of the truck with various acts of negligence and that such negligence caused the collision. The answer denied all negligence of the driver and averred that plaintiff was guilty of sundry acts of negligence which were the sole cause of his injuries. The court submitted to the jury the negligence of defendant and the contributory negligence of plaintiff. There was a verdict for plaintiff. The main contention on this appeal is that contributory negligence of plaintiff appeared as a matter of law, and hence the court erred when defendants' motion for judgment non obstante was denied.

The collision occurred in the middle of the afternoon of May 26, 1931, at the intersection of state highways No. 11 and No. 20. The wind was strong from the southeast and the roads dry, so that dust at times obscured the visibility of objects. Highway No. 11, from New Ulm to Mankato, runs east and west where it intersects at right angles highway No. 20, running north and south between Judson and Lake Crystal. In the southeast corner or angle of the intersection is a schoolhouse. Plaintiff, driving an open Buick east on highway No. 11, was approaching the intersection as defendant Schreiner, with the truck, was approaching the same, driving north on highway No. 20. One Evans was riding in the Buick, seated to the right of plaintiff. The jury could find that the truck struck the side of the Buick in front of the rear wheels. The two right wheels of the Buick were broken off, and so was the gasolene tank. It slued or was shoved to the northeast corner and partly into the ditch. Evans was thrown into the ditch, dead or dying. Plaintiff was also thrown out and severely injured. The truck passed over the ditch at the northeast corner, the front wheels going up a two-foot embankment and striking a fence post. The right front axle was bent, but the truck proceeded to New Ulm without repairs.

Plaintiff and Schreiner differ widely as to position and speed of the two vehicles during the few seconds before contact; in fact Schreiner claims there was no contact between the vehicles. Defendants' counsel now frankly concedes that there must have been an actual collision. There can be and is no serious contention that the negligence of Schreiner was not a jury question. But it is vigorously insisted that plaintiff was negligent as a matter of law in failing to discover the approach of the truck.

The two highways were practically level at the intersection and for more than 100 feet on either side. They were straight. There were a few trees on the south side of highway No. 11, but none within 150 feet of the west line of highway No. 20. Plaintiff testified that he looked about 100 feet from the intersection, when he had an open view of highway No. 20 for more than 200 feet to the south, but saw only dust. Plaintiff also testified that as he approached the intersection he reduced his speed from about 35 or 40 miles an hour to about 20 miles an hour; that he saw two schoolgirls standing at the northwest corner of the school grounds, and, being apprehensive that they might venture into the highway, he gave some attention to them; that as he was approaching the intersection and within 150 feet thereof a car coming from the north on highway No. 20 crossed the intersection going south. This car, which was an Essex driven by one Laase, passed the truck about 100 to 200 feet south of the intersection.

How much dust these two cars so meeting raised and to what extent that affected their visibility to plaintiff, who was about the same time looking in that direction, was in our opinion a problem for the jury. Would an ordinarily careful man, circumstanced as plaintiff then was, have concluded that the dust which he saw to his right on highway No. 20 was from the departing Essex car? The dust produced by those meeting cars, because of the direction of the wind, was driven between plaintiff and the cars. The two schoolgirls testified that they had no difficulty in seeing either plaintiff's car or the truck and the Essex; but the jury could well conclude that this was due to the wind carrying the dust raised

to the other side of the vehicles the girls were looking at. It seems to us that under the atmospheric conditions prevailing at that time it was for the jury to determine whether or not plaintiff was negligent in failing to discover the approach of the truck in time to avoid a collision. Under similar conditions we have held that plaintiff's failure to discover what under normal visibility he must have seen was not as matter of law contributory negligence. Coffman v. Kummer, 179 Minn. 120, 228 N. W. 751; Salera v. Schroeder, 183 Minn. 478, 237 N. W. 180; Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605.

The charge of the court is attacked in certain respects. At the close of the charge counsel were asked if there was anything they desired to call to the attention of the court. They answered "No." This ought at least to be an acquiescence in the correctness of the court's statement of the claims the parties had attempted to present to the jury. Furthermore, we are of the opinion that the court did fairly and accurately place before the jury the claim each made as to how the collision occurred. Each driver considered he had the right of way. After calling the jury's attention to the statutory provisions regarding the right of way and speed at intersections, the court gave this instruction:

"The plaintiff in this case claims that he looked to the south along road No. 20; that there was a lot of dust and that he saw no car. It was the plaintiff's duty to watch for cars coming from the south, and if you find from the evidence in this case that by the exercise of ordinary care he could have seen the defendants' truck before entering the intersection, then the plaintiff cannot recover in this case and your verdict must be for the defendants." After repeating this thought in a somewhat different form, the court told the jury that "if he knew that the dust was so heavy that cars could not be seen on road No. 20 south of the intersection and he [plaintiff] proceeded blindly without any consideration of the traffic from the south and entered the intersection at * * * a speed of more than 15 miles per hour, he was guilty of negligence, and if that negligence caused or proximately contributed to cause the accident" he cannot recover.

The jury was also told that no driver has a right to pass over any public thoroughfare unmindful of his surroundings and without regard to approaching vehicles; that the care exercised must be proportionate to the danger known or reasonably to be apprehended; and that this applied equally to plaintiff and Schreiner, each being required to exercise the care which persons of ordinary prudence would exercise under similar circumstances. After thus fully instructing the jury the court said:

"The first question for you to determine when you retire to the jury room is this: Was the defendant Schreiner negligent in the operation of the car at the time and place in question, as claimed by the plaintiff, and in not yielding the right of way to the plaintiff, as the plaintiff claims that he was entitled to?"

We see nothing to criticize in this statement and the advice given the jury, unless defendants were entitled to an instruction that the truck as a matter of law had the right of way. But defendants requested no instructions whatever and offered no suggestions of any addition or modification of the charge when at its close the court inquired whether either party desired anything of that sort. Defendants are not now in a position to raise objections to the charge. But that aside, we are satisfied that upon this record it cannot be held as a matter of law that the truck had the right of way.

The order is affirmed.