C. H. DONALDSON v. LEE CARSTENSEN AND ANOTHER.[1]

March 17, 1933.

No. 29,342.

[1]Reported in 247 N. W. 522.

444

*Evans & Evans,* for appellant.
*Hall & Catlin,* for respondents.

OLSEN, JUSTICE.

Plaintiff appeals from an order denying his alternative motion for judgment or a new trial.

Plaintiff sued to recover on a promissory note for $400 made by defendants March 12, 1929, payable to plaintiff June 1, 1929, with interest at eight per cent per annum, and providing for payment of cost of collection or an attorney's fee if the note was not paid at maturity. The defendants admitted the execution of the note and alleged a breach of warranty on the sale of two trucks, in part payment for which the note was given. Damages in the sum of $500 were claimed for such breach of warranty. The purchase price of the trucks was $900, and $500 thereof was paid at the time of purchase. The transaction, as testified to by defendant Lee Carstensen, was that plaintiff, then engaged in the gasolene and oil business, hired him to haul and distribute gasolene and oil on condition that he purchase from plaintiff the two trucks in

question for such hauling; that plaintiff represented that the two trucks were in first-class mechanical condition—that one had a practically new motor, and there was nothing wrong with the other; that he believed and relied upon such representations in buying the trucks. The defendant John Carstensen is Lee's father and signed the note with him. He corroborates the testimony of the son to some extent. There is evidence that the representations, if made, were false, and that the two trucks were of the value of some $375 or $400 only. The jury, on the evidence presented, could and did find that there was a warranty as here claimed, a breach thereof, and damages up to $500. The verdict was to that effect and is sustained by the evidence.

■ Plaintiff urges that by retaining the trucks and using them for six months or more the defendant Lee Carstensen is estopped from rescinding the purchase, and that the same rule of estoppel should apply to a counterclaim for breach of warranty. That rule does not apply. Said defendant could have rescinded, but he also had the right to retain the trucks and sue for breach of warranty, or to counterclaim therefor when sued for the purchase price, and, if he elected to retain the trucks and recover or recoup on the breach of warranty, there would be no estoppel.

■ The verdict as returned found for the defendants and assessed their damages in the sum of $100 "and value of note marked as plaintiff's exhibit A." It is claimed that this verdict is uncertain and perverse. The verdict quite clearly is to the effect that defendants' counterclaim and the breach thereof are found sustained, and that defendants were damaged thereby in the sum of $500, of which sum $400 offsets the note, leaving a balance of $100 in defendants' favor. It is urged that as the note bears interest at eight per cent and the counterclaim would bear interest at only six per cent, if interest be figured on each amount to date of the verdict, the amount of $100 would not be arrived at. No authorities are cited. As the damages for breach of warranty accrued at the time the note was given, no good reason appears why these damages should not be offset against the note as of that time. In any event,

the court, on plaintiff's motion for a new trial, reduced the verdict by requiring defendants to consent to the elimination therefrom of the $100 item and to leave the verdict as one simply finding for defendants. Defendants so consented.

■ Two paragraphs of the charge are assigned as errors. The first of these, defining a warranty, is substantially in accord with G. S. 1923 (2 Mason, 1927) § 8387, when applied to the facts here shown. The most that can be said in criticism of the second paragraph is that it may not be as clear as might be desired. But, taking the charge as a whole, the questions of the alleged warranty, the breach thereof, and the damages were quite fully and fairly submitted to the jury. There were some inadvertencies, which quite clearly appear and were not such as to mislead the jury—for instance, the use of the word "less" in one place where the word "more" was clearly intended. There were no exceptions to any part of the charge at the trial. At the close of the charge the court inquired of counsel if there were any corrections to be made to the charge, and counsel for each party answered in the negative. In that situation the plaintiff cannot now assign error upon the inadvertent or faulty statements claimed to be contained in these two paragraphs of the charge. Rimmer v. Cohen, 172 Minn. 134, 215 N. W. 198; Carlson v. Stork, 188 Minn. 204, 246 N. W. 746. The statements complained of could readily have been corrected if called to the attention of the court.

■ One of the grounds for the motion for a new trial was newly discovered evidence. The granting of a new trial on that ground is very largely discretionary, and we find no abuse of discretion.

Order affirmed.