WALTER MATLINCKY v. CHRIST CHRISTIANSON AND ANOTHER.[1]

June 22, 1934.

No. 29,954.

*Morphy, Bradford, Cummins & Cummins,* for appellants.
*Irving H. Green,* for respondent.

I. M. OLSEN, Justice.

Defendants appeal from an order of the district court denying their alternative motion for judgment in their favor notwithstanding the verdict, or, if that be denied, for an order granting a new trial.

Plaintiff was a tenant of defendants, occupying a part of the first floor of a building in the city of St. Paul owned by defendants. Other tenants occupied other portions of the building. There was a chimney, with a flue 16 by 16 inches, extending from the bottom of the basement up through the building and beyond the roof. In the bottom of the chimney in the basement was a space used as an incinerator for the burning of waste paper and refuse. The flues from the oil burner heating apparatus and from the water heater entered the chimney some distance above the incinerator. In the

[1]Reported in 255 N. W. 625.

halls of the first and second floors were small iron doors or chutes into the chimney flue, which were used by tenants on those floors for disposing of waste paper and refuse. To do so, the door or chute into the chimney was opened, and the waste matter was then emptied into the chute. On closing the door, the matter passed into the chimney flue and descended into the incinerator chamber at the bottom of the chimney, where it was burned. There was a janitor in the building, having charge of the heating apparatus, incinerator, and other janitor work. There was a grocery store and a drug store in the building, and paper cartons, waste paper, and refuse from these stores were brought into the basement each day, there to be burned in the incinerator by the janitor. Other tenants could also bring such waste matter to the basement. It was the janitor's duty to operate the incinerator and set fire to and burn all matter placed by him in, or coming from above into, the incinerator.

The plaintiff operated a shoe repair shop in his part of the first floor. On December 1, 1932, about six o'clock p. m. he gathered up the waste matter from his shop in a pail, went to the incinerator door into the chimney in the adjoining hallway, and opened the door to place the refuse in the chute. As he did so flames shot out of the chimney door and severely burned his hands and face. Recovery was had on the ground of negligent operation of the incinerator by the janitor.

The sufficiency of the evidence to sustain a finding of negligence by the jury is challenged. There is evidence that the janitor was instructed to burn waste paper, paper cartons, and refuse brought into the basement; that a substantial amount of such waste matter came into the basement each day and was there on the day of the accident; that there was a sufficient amount of such waste matter on that day so that the janitor was specially instructed to get rid of it; that burning too much such waste matter at a time, or continued burning for some length of time, would heat the chimney and cause flames to shoot up the chimney flue; that the janitor had made a statement that he had been burning waste matter or paper all the afternoon. Plaintiff's expert testified that in his opinion

the cause of the flames coming out was that there was too much paper being burned in the incinerator at one time. True, he added that there was a possibility that one of the oil burners might have exploded; but the evidence negatives any such explosion. One significant fact also is that the janitor, who had charge of and operated the incinerator that day, was present in court and not called as a witness. If called by defendants, he could have explained just how the incinerator was being operated at the time of the accident.

We are required to review the evidence here in the light most favorable to the plaintiff, the prevailing party. The jury heard and saw the witnesses and were entitled to draw such reasonable inferences therefrom as the facts and circumstances shown justified. We agree with the trial court that there was sufficient evidence to take the question of negligence in the operation of the incinerator to the jury and to sustain the verdict on that issue.

The sufficiency of the evidence to sustain a verdict of actionable negligence is the only question presented by defendants. The trial court, correctly, did not submit the case to the jury on the theory of *res ipsa loquitur*.

Cases are cited applying the rule that where the facts furnish no sufficient basis for inferring or finding which of several causes produced the injury a defendant who is responsible for only one of such possible causes cannot be held liable. We are satisfied that there was a sufficient basis here for inferring and finding that negligent operation of the incinerator rather than any other possible cause produced the injury.

Order affirmed.