JOHN KOVANIEMI v. B. H. SHERMAN AND ANOTHER.[1]

October 12, 1934.

No. 29,912.

*Louis Sachs* and *M. H. Greenberg,* for appellant.

*McMahon & McMahon,* for respondents.

I. M. OLSEN, *Justice.*

Plaintiff appeals from a judgment in favor of defendants.

The action is one in replevin to recover possession of an automobile or its value if possession cannot be had. The complaint alleges ownership and right to possession in plaintiff, the value of the car, and defendants' refusal to surrender same. Defendants' answer is a general denial, followed by a counterclaim for recovery of damages for fraud on the part of the plaintiff in inducing defendants to purchase the car in question on contract. Damages are alleged in the amount of $671.90. All we need say here is that the counterclaim is sufficiently pleaded. The answer contains no claim or demand for the return of the automobile or for its value. The contract is the ordinary conditional sales contract. Plaintiff received and retained possession of the car under the replevin affidavit and bond. Under instructions from the court, the jury found a verdict for the plaintiff, that he was entitled to the possession of the car; in other words, that plaintiff should retain possession of the car then held by him. The question of whether defendants were entitled to recover on their counterclaim was duly litigated, and the jury, in a separate verdict, found for the defendants thereon

and returned a verdict in their favor for $656.25. The question of the counterclaim was the only question submitted to the jury by the charge of the court. In reference to the possession of the car, the court said to the jury:

"There is no claim in the answer of the defendants that they want a return of the car, and, that being the case, the car will remain with the plaintiff, so the possession of the car is not in further controversy here."

The court later, in the additional charge, then directed the jury to return the verdict entitling plaintiff to retain possession of the car. The jury also made a special finding and verdict, in general terms, in favor of the defendants on their counterclaim. This was a mere inadvertence and added nothing to the other verdict in favor of defendants for $656.25.

The judgment appealed from is a money judgment in favor of defendants upon the verdict in their favor for the $656.25 and interest and some costs taxed and allowed.

The only assigned error here is that the verdict in question "is contrary to evidence and, hence, to the law." There was a motion for a new trial on the minutes of the court, which was denied. That motion was on the same grounds, that the verdict was contrary to law and contrary to evidence. There was also stated in that motion the claim that the verdict was excessive. This claim was not presented here by assignment of error or argument.

The parties tried the case apparently on the theory followed by the court in its charge. The court clearly instructed the jury on the question of the alleged fraud. It just as clearly charged them as to what measure of damages they should apply if they found the charge of fraud established, and pointed out what items of damages, as shown by the evidence, were allowable. At the close of the charge the court inquired of counsel if there were any corrections or suggestions. Counsel answered: "Not any." "None, your Honor." On the theory on which the case was tried and submitted and the measure of damages submitted to the jury in the charge, the verdict is well sustained by the evidence.

■ The parties are bound by the law laid down by the court in its charge, where, as here, the charge is approved by counsel for each party, no exception or objection thereto made at any stage, and no errors assigned thereon. In such case the sufficiency of the evidence to sustain the verdict is to be determined by the application of the instructions and rules of law laid down in the charge. This rule does not apply if the record or evidence conclusively shows that the party in whose favor the verdict is rendered is not entitled to recover. The record and evidence here do not conclusively so show. The evidence in fact sustains the verdict of the jury that defendants were defrauded and damaged thereby, and the verdict and judgment cannot here be disturbed. The following cases establishing the rules stated may be cited: Smith v. Pearson, 44 Minn. 397, 46 N. W. 849; Dobrowolske v. Parpala, 121 Minn. 455, 141 N. W. 803; State v. McCarthy, 159 Minn. 48, 197 N. W. 961; Smith v. Gray Motor Co. 169 Minn. 45, 210 N. W. 618; Hawley v. Town of Stuntz, 178 Minn. 411, 227 N. W. 358; Bullock v. New York L. Ins. Co. 182 Minn. 192, 233 N. W. 858.

Judgment affirmed.

[1] Reported in 256 N. W. 663.