## THE ROCHESTER BREAD COMPANY v. RAPINWAX PAPER COMPANY.[1]

January 11, 1935.

No. 30,116.

*Alric Anderson, Bruce J. Broady,* and *Remley J. Glass,* for appellant.

*Stearns, Stone & Mackey,* for respondent.

I. M. OLSEN, JUSTICE.

Plaintiff appeals from a judgment entered upon the order of the trial court for judgment in favor of the defendant notwithstanding the verdict returned by the jury in plaintiff's favor.

Plaintiff is and has been engaged in the business of baking and selling bread and bakery products to retail dealers therein. Defendant manufactures and sells wrapping paper for wrapping bread and bakery products. Plaintiff manufactured and sold

[1]Reported in 258 N. W. 302.

bread of different sizes, shapes, and kinds. It manufactured and sold in 1931 and 1932 a pound and a half loaf of bread known and designated on the wrapper as "Jumbo Loaf." In January, 1932, it purchased from defendant wrapping paper for this kind of bread, which paper was manufactured by defendant with lettering on each wrapper giving the name "Jumbo Loaf" and stating the weight thereof and the name of the plaintiff company.

This action was brought to recover damage on the ground of negligence on the part of the defendant in manufacturing and selling this wrapping paper to plaintiff, the claim being that because of negligence on the part of defendant this wrapping paper was so made and furnished that on being used by plaintiff it caused and imparted to the bread wrapped therein an offensive odor and spoiled the bread and made it unsalable and unfit for use. Plaintiff used this wrapping paper for about ten days in January, 1932, and, upon numerous complaints coming in as to the bad odor and condition of the bread so wrapped, discontinued use of the paper. The claim for damages is made on two grounds: First, that some 2,500 loaves of the bread sold and distributed by it were so spoiled and were returned to plaintiff, causing a loss of some $200; second, that this caused a loss of business and profit to plaintiff in that it lost sales of this kind of bread and other breads to a large extent during January, February, and March, 1932.

The issue of defendant's negligence and the questions of plaintiff's damages on the two grounds stated were submitted to the jury. The jury found for the plaintiff and awarded damages in the sum of $1,300. There was an admitted counterclaim in favor of defendant for $1,404.78 for other paper sold by it to plaintiff. So the net result was a verdict in favor of defendant for $104.78.

On motion of defendant to vacate the verdict and for judgment in its favor of $1,204.78 on its counterclaim notwithstanding the verdict, the court granted the motion and ordered judgment in defendant's favor for that amount. Judgment was so entered, and plaintiff took this appeal. In so ordering the trial court held that plaintiff was entitled to recover $200 for the loss of 2,500 loaves of bread spoiled and returned or refused by its customers, but

that as to loss of sales and profits in its business during the three-month period mentioned the evidence was so speculative and uncertain that no recovery could be had on that claim for damages.

The verdict of the jury established the fact that defendant was negligent. The charge of the court directed the jury to determine what, if any, damages plaintiff had sustained on both and each of the claimed grounds of damages. The verdict returned is wholly consistent with the charge. There were no objections or exceptions to the charge as given either at the time or in defendant's motion for judgment or a new trial. In that situation the charge given becomes the law of the case, and the sufficiency of the evidence to sustain the verdict is to be determined by the application to the evidence of the instructions and rules of law given in the charge. A verdict so returned in conformity with the charge given may not be set aside unless it conclusively appears that the party in whose favor the verdict was rendered was not entitled to recover on one or more of the issues submitted to the jury. Smith v. Pearson, 44 Minn. 397, 46 N. W. 849; Dobrowoloske v. Parpala, 121 Minn. 455, 141 N. W. 803; State v. McCarthy, 159 Minn. 48, 197 N. W. 961; Smith v. Gray Motor Co. 169 Minn. 45, 210 N. W. 618; Hawley v. Town of Stuntz, 178 Minn. 411, 227 N. W. 358; Bullock v. New York L. Ins. Co. 182 Minn. 192, 233 N. W. 858; Kovaniemi v. Sherman, 192 Minn. 395, 256 N. W. 661.

The question presented then is whether it conclusively appears that the plaintiff was not entitled to recover for any loss of profits, that the evidence wholly fails to show any such loss of profits, or is so uncertain and speculative that the jury could not ascertain or find any amount of such loss. In determining that question the rule established by numerous decisions of this and other courts is that, on a question of the sufficiency of the evidence to sustain a verdict, the evidence is to be viewed here in the light most favorable to the party in whose favor the verdict was rendered. Wagstrom v. Joseph, 192 Minn. 220, 255 N. W. 822; Matlincky v. Christianson, 192 Minn. 166, 255 N. W. 625; Kovero v. Hudson Ins. Co. 192 Minn. 10, 255 N. W. 93; Smith v. Gray Motor Co. 169 Minn. 45, 210 N. W. 618.

Judgment should not be ordered if it appears probable from the record that the party obtaining the verdict has a good cause of action and that the deficiency of proof may be remedied on another trial. Massey S. S. Co. v. Importers & Exp. Ins. Co. 153 Minn. 88, 189 N. W. 415, 31 A. L. R. 1372; Jepson v. Central Business Mens Assn. 168 Minn. 19, 209 N. W. 487; and see First Nat. Bank v. Fox, 191 Minn. 318, 254 N. W. 8, where the rules governing the question of ordering judgment notwithstanding the verdict are more fully stated.

We think the trial court was correct in concluding that the record does not sustain a finding of damage other than the bread returned. Such testimony as there is leaves the matter wholly in the realm of conjecture. The plaintiff's own statistics show that from 1929 there was a steady decline in the sale of bread. There was also a sharp seasonal decline commencing in October and reaching its nadir in the months of January and February. These declines show in plaintiff's tables of its business. Plaintiff's totals in January, February, and March of 1932, when it claims it was damaged, show a less decline from the previous year than those of 1931 or 1930. Its resumption of better trade in the seasonal increase commencing in April, 1932, for the first time after 1929, shows a marked and substantial increase over the previous years. Such a showing does not indicate damage to its business on account of the falling off in sale of "Jumbo" bread. Moreover, its customers did not appear to desert it on account of the difficulty with the "Jumbo" bread. Substantially all the retailers who testified continued to take its other products. Their testimony of loss of business to plaintiff is altogether too speculative to sustain a verdict.

The judgment is affirmed.