JOHN OHAD v. HERBERT REESE AND ANOTHER.[1]

June 12, 1936.

No. 30,754.

[1]Reported in 267 N. W. 490.

484

*Irving H. Green,* for appellant.
*Robb & Rich,* for respondents.

JULIUS J. OLSON, JUSTICE.

Two trucks came into collision near the village of Becker, some distance south and east of St. Cloud, on September 14, 1934. Plaintiff, claiming that defendants were the cause thereof, brought action to recover damages to his person and his truck. The case was duly heard at Roseau, of which county defendants are residents, and a general verdict returned for defendants. Unsuccessful on his motion for new trial, plaintiff appeals.

The usual conflict as to who was at fault was thoroughly threshed out before the jury. The basis for plaintiff's cause is summarized by him thus:

"Among other things defendants operated their truck unlawfully, in this, that they came over onto the wrong side of the highway; unlawfully, in this, that they allowed planks to extend out beyond the side of their truck so that their truck took up an unlawful amount of space on the highway; unlawfully, in this, that they drove it at an excessive rate of speed in view of the time, the place and the circumstances; negligently, in this, that they allowed planks to pro-

ject beyond the side of the said truck; negligently, in this, that they failed to keep a proper lookout for plaintiff and other lawful users of the highway; wilfully, in this, that after they knew or should have known that a collision was imminent they failed to use ordinary care to avoid said collision."

Defendants answered, denying negligence on their part and averred that the accident was caused by reason of plaintiff's own negligence in that he operated his truck in such fashion as to crowd over and onto defendants' lane of travel. The reply put in issue the new matter pleaded by defendants. Thus the issues on the questions of defendants' negligence and plaintiff's contributory negligence were made. At the trial the two bases upon which liability was predicated were (1) that defendants were over and across the center line of the highway and in plaintiff's lane of travel; (2) that defendants were driving a truck from the side of which protruded a plank toward the side plaintiff occupied and that this plank ripped into his truck, causing injury to his person and to his vehicle.

On the question of liability the larger part of the case was necessarily and properly devoted to these fact questions, more particularly the alleged protrusion of a plank extending out of defendants' truck.

The defendant Reese operates a truck between stations in Roseau county and South St. Paul. On this particular trip defendant Witzman was the driver. He was accompanied by one Anderson, who occupied the driver's seat to Witzman's right. The truck was loaded with 22 sheep, three calves, and seven head of large cattle. Toward the front end of the truck, immediately behind the driver's cab, was a large rack divided into two decks so as to carry sheep on each. The rear portion was divided by suitable partitions from that portion in which the sheep were transported so that about one-half of the carrying space on the truck was limited to a single deck. There the large animals were placed.

The floor of the carrying part of the truck was constructed of 2 by 8-inch planks placed crosswise and nailed to 2 by 6-inch stringers running lengthwise. On each side were uprights, 2 by 4

inches, and 6 feet 8 inches in height, and inside of these were boards nailed thereto and securely fastened by nails and cleats. The uprights rested in iron sockets or clamps in the floor of the truck. These vertical stakes were approximately 3½ feet apart, that is to say, the carrying part of the truck was approximately 18 feet in length and was divided by 5 of these uprights. The platform of the truck part was 6 feet and 8 inches above the level of the ground. This feature is important in view of what will be discussed later.

The accident happened during the early forenoon. The highway is an 18-foot slab of concrete with a center line clearly marked, and earth shoulders of ample width. There were no distracting circumstances, and traffic at that hour was light. Visibility, while somewhat obscured because of weather conditions, was nevertheless such that each driver could and did see the other at least two blocks away. So it seems clear that the accident was wholly traceable to human fault. There was no mechanical or other defect in the two trucks except the alleged protruding plank. The road was straight and level and apparently in perfect condition.

A photograph of plaintiff's truck indicates that it struck some object at a point some distance above the height of the floor of defendants' truck rack. The front part of defendants' truck cleared plaintiff's oncoming vehicle. Only the three rear uprights of defendants' truck were sheared off; there was no damage to it in front of these; one of the rear floor planks was moved two to six inches to the rear.

Witzman and his companion both testified that they had stopped four times to inspect their load and the truck on their way, at Marcoux Corner (east of Crookston some 18 miles where the trunk highway from the north intersects the trunk highway running from East Grand Forks to Duluth), at Detroit Lakes, Staples, and St. Cloud. They found everything to be in order and observed nothing out of the way.

Plaintiff rests his case upon the claims hereinbefore mentioned. Defendants rest their defense upon the claim of plaintiff's negligence in crowding into defendants' traffic lane. There is no question about the issues being clearly drawn and sharply contested. For plaintiff

there is evidence of a protruding plank and that defendants' truck was crowding over the center line; for defendants that their truck was entirely on their own side of the center line and that there was no loose plank or other defect.

When defendants rested plaintiff put in as rebuttal the testimony of several witnesses to the effect that a plank protruded from defendants' truck, the estimates varying from 14 inches to nearly 2 feet. This testimony was received over defendants' objection as not being proper rebuttal. But the court permitted the evidence to go in, although that matter had been gone into by plaintiff upon his own side of the case and as a part of it. If there be error in this it certainly is not to plaintiff's disadvantage and is immaterial to defendants in view of the resulting verdict.

The only issues presented here are whether the court erred in charging the jury or in failing to charge as requested by plaintiff. It is appropriate to note that when the court had finished its general charge counsel was asked: "Is there anything further?" The record indicates a conference between court and counsel. The result thereof is not in the record. Bailiffs were thereupon sworn, and the jury retired from the courtroom. Immediately following counsel for both parties made certain motions and noted certain exceptions. Plaintiff's alone need be considered, as follows:

"The plaintiff excepts to that part of the court's instruction dealing with road rules on the ground that such an instruction as was given was misleading in that it did tend to cause the jury to believe that plaintiff could not recover unless his recovery was based on a violation of the rules of the road. It is plaintiff's contention that a recovery could be predicated on negligence in the construction, handling or inspection of the truck even though no rule of the road were violated. * * * And then the plaintiff wants a further exception to the refusal of the court to give the plaintiff its requested instructions, and further excepts on the ground that the court's instructions as a whole were not correct as a matter of law."

The court at the outset of its charge instructed the jury as to the respective claims of the parties as follows:

"The plaintiff claims that the driver of the defendants' truck was negligent in several respects; that he drove the truck too far to the left on the highway; that he was negligent in the management of his truck in that he permitted or operated it with a plank projecting from the side of his truck, and you have heard all that evidence and I need not recite it to you.

"And the defendants on the contrary claim that they were not negligent; that they were careful in the management of the truck; that it was properly constructed and carefully operated and looked after, and they say on the other hand that the plaintiff, Mr. Ohad, was negligent in the way he drove his truck. And the defense of the defendants here is that the plaintiff contributed, helped to cause the accident which resulted in this injury. That is their defense.

"Now, all these circumstances, and the situation, and the whole transaction have been related to you by the witnesses. You have had everything explained to you in detail. The attorneys for the respective parties have carefully brought out all the circumstances connected with it and they have shown everything that the facts warrant, and they have made their arguments to you, emphasizing the matters which they feel is their right and which they, of course, are required to do in order to present the facts before you from the viewpoint of their clients."

Respecting the rules of the road the court said:

"No person shall operate or halt any vehicle upon a highway carelessly or heedlessly in disregard of the rights or safety of others or in a manner so as to endanger or be likely to endanger any person or property.

"Any person who drives any vehicle upon a highway in wilful and wanton disregard of the rights and safety of others and in a manner so as to endanger or be likely to endanger any person, shall be guilty of a gross misdemeanor.

"Upon all highways of sufficient width, the driver of a vehicle shall drive the same upon the right half of the traveled portion of the highway. Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least

one-half of the main traveled portion of the roadway as nearly as possible. * * * The basis of the action maintained here is that it is the negligence of the defendants in operating and managing their truck and in running it along the public highway in the condition in which it was that constitutes negligence."

And further:

"In determining the question of negligence and contributory negligence, you have a right and should take into consideration the manner in which the trucks were operated * * * whether there was any projection beyond the edge of the truck or not before the collision occurred, and any other facts or circumstances which may have been proven in the case. * * * The best guide you have in considering this case is the exercise of your own good common sense such as you are accustomed to exercise in your own affairs, aided by the experience and observation and knowledge which have come to you in your own lives."

■ Plaintiff assigns error for failure of the court to charge the jury in conformity with the provisions of 1 Mason Minn. St. 1927, § 2720-35, which reads:

"No vehicle shall exceed a total outside width, including any load thereon, of eight feet, except," etc. (The exceptions are immaterial to the facts in this case, but plaintiff included in his request the entire paragraph.)

The evidence clearly establishes that the truck, including the rack upon it, was within that limit. This being so, it is obvious that what plaintiff was seeking was to have this section construed as including the alleged protruding plank. There can be no doubt that if there was a protruding plank to the extent of from 14 inches to 2 feet it constituted a genuine traffic hazard. It is difficult to conceive of anything more likely to cause damage to a meeting motorist than just such a situation. A protruding plank, post, or other similar thing, extending beyond the body of an oncoming vehicle is fraught with danger that cannot be minimized. That is why the trial court, obviously cognizant of that particular feature,

490

made that a separate part, an independent and self-sustaining element for the jury's consideration in determining defendants' liability. At the very outset, as has been noted, the court instructed the jury that if defendants "drove the truck too far to the left on the highway," or if they "permitted or operated" the truck *"with a plank projecting from the side of his truck,"* and if such conduct was the proximate cause of plaintiff's hurt, liability followed. It is therefore apparent that if the jury chose to believe that this situation existed and was the proximate cause of plaintiff's injuries his right of recovery was necessarily thereby established. Reading to the jury this statutory provision would tend to confuse them. It is clearly inapplicable to the facts. The trouble with plaintiff's claim is not the court's instruction but rather and only that the jury did not believe him. There is ample evidence to refute plaintiff's assertions and to sustain the claims of defendants. The jury evidently believed the testimony of defendants that these planks were nailed and securely fastened to 2 by 6 stringers and that 7 head of cattle were standing within the space from which the offending plank must have protruded if plaintiff's claims were to be believed. Yet nothing happened to any of them except that as a result of the impact, when plaintiff's truck sheared off the three uprights on defendants' truck, a cow's tail was also sheared off. Perhaps a jury of farmers thought it rather peculiar that a plank of the size here involved, loose at both ends (as it must have been if it protruded) could come into such violent contact with an oncoming truck without spilling the entire load of both sheep and cattle. Defendants' version of the fact issue, respecting the protruding plank, is that the impact caused one of the planks to the rear of the truck to come loose at the edge so as to slide from 2 to 6 inches backwards; that the driver used a hammer to drive it back into place and that they proceeded to their destination without trouble or further delay.

■ The next error assigned is failure to give plaintiff's request No. VI, which reads:

"If you should find that the defendants' truck, or any portion, or attachment, or timber was partly on the wrong side of the paved

portion of the highway at the time of the collision with the truck of the plaintiff, and that the defendants have not justified their position on the wrong side of the highway, then the law presumes that it was negligently operated on the part of the defendants and the defendants would be chargeable with negligence."

If that instruction had been given as requested, plaintiff's position would in no way be benefited thereby. In substance and effect the instructions given by the court were more favorable to plaintiff than the one here requested. As submitted, the jury could have found against defendants upon two separate bases, i. e., (1) if defendants' truck was over the division line, or (2) if the protruding plank came into contact with plaintiff's truck, then, in either event, liability followed if such fault was the proximate cause of the accident. We fail to see any prejudice to plaintiff arising by reason of the court's refusal to give this instruction.

■ Lastly, it is urged that the court erred in instructing the jury with regard to wilful and wanton negligence. The particular point made about this instruction is, as now claimed by plaintiff, that it injects a criminal element into the case and that as such the jury may have thought that finding for plaintiff would make defendants criminally liable. At the end of the charge nothing was said about this phase. Plaintiff in his complaint demanded very large damages, $50,000. Naturally he sought the largest possible recovery. And if the jury had chosen to believe his claim concerning the protruding plank the situation was such as might lead a jury to believe that such conduct was wilful. Plaintiff alleged wilful misconduct in his complaint. He made the protruding plank his principal weapon of offense. And it is not to be supposed that his counsel "soft-pedaled" this feature in his closing argument. No suggestion was made when the cause was submitted to the jury that this statement was not appropriate and in exact accord with his own contentions. He then chose to get all advantages possible. His belated discovery of error is a pure afterthought. However that may be, the fact remains that if the plank had protruded as complained of by plaintiff and his witnesses there would be room

for a jury to find that such operation constituted a violation of the statute mentioned.

Viewing the record from all angles, we are led to the belief that the case was fairly tried and that there are no reversible errors.

An interesting and instructive article appears in 19 Minn. L. Rev. p. 666, *et seq.* The conclusion reached by the writer, after exhaustively treating our cases bearing upon this subject, reads as follows [p. 699]:

"In brief, the Minnesota rule as to the violation of a statute as evidence of negligence is, that the violation of a statute, without adequate excuse, as a matter of law violates that standard which a reasonable man would follow. This negligence is available in a case, either as a basis for or bar to liability, whenever there is an intent in the statute, express or implied, to make it applicable to both the situation and the parties involved."

The order is affirmed.

LORING, JUSTICE (dissenting).

I cannot concur in the view that the court's remarks at the inception of the charge sufficiently covered the application of the statute restricting truck and load to 8 feet. The court was there merely stating plaintiff's claims—not instructing the jury as to the application of law to fact. Conceding, as the opinion does, that there was evidence to go to the jury that the plank did so extend beyond the legal limit, the jury should have been told that if they believed it did so extend the defendant was guilty of negligence in so violating the statute, and that if such violation was the proximate cause of the injury liability followed, in the absence of contributory negligence. On the charge it was at most merely evidence of common law negligence. I also believe it was error to charge on wilful negligence. There was no evidence of such, and it was improper to charge on a point not presented by the evidence even though pleaded.

DEVANEY, CHIEF JUSTICE (dissenting).
I subscribe to the dissent.

STONE, JUSTICE (concurring in result).
I think there was error in the respects stated by Mr. Justice

Loring. But, because of the simplicity and clear-cut nature of the fact issues, I cannot conceive that any prejudice resulted to plaintiff. Hence I concur in the result.