## STATE v. L. C. SPRAGUE AND OTHERS.[1]

December 17, 1937.

No. 31,458.

[1]Reported in 276 N. W. 744.

*William S. Ervin,* Attorney General, and *Humphrey Barton,* Special Assistant Attorney General, for the State.

*A. L. Janes* and *J. H. Mulally,* for respondent Great Northern Railway Company.

*C. W. Wright, D. C. Edwards,* and *Richard Musenbrock,* for respondent coreceivers of Minneapolis & St. Louis Railroad Company.

GALLAGHER, CHIEF JUSTICE.

William H. Lawler was an employe of the grain inspection division of the railroad and warehouse commission. His duties were to inspect shipments of grain before they were unloaded. In consequence, it was part of his employment to open freight car doors preparatory to entering them. On August 29, 1930, he was inspecting shipments near the Pioneer Steel Elevator in Minneapolis, in company with a sampler from the elevator. One of the shipments had originated in Nahon, South Dakota, and had been carried via the Minneapolis & St. Louis Railway in one of its freight cars. When it reached Minneapolis it was delivered to the Great Northern Railway for delivery to the Pioneer Steel Elevator, located on the latter's tracks. The elevator employe attempted to open a door of this freight car with a pry bar, the customary manner of opening loaded grain car doors. With considerable difficulty he had suc-

ceeded in opening it a foot or two when Lawler took hold of the grab iron at the bottom of the door to help him. Together they moved the door a few inches farther, when the door tipped outward from the top and fell onto Lawler, who was injured. The industrial commission awarded him compensation, and his employer, the state, seeks to recover damages for his injuries under 1 Mason Minn. St. 1927, § 4291.

Plaintiff alleged that the freight car had become defective and remained so due to the negligence of the Minneapolis & St. Louis Railway, that the Great Northern negligently received it and negligently failed to repair it. The court charged that the car must have been defective upon delivery to the Great Northern for the Minneapolis & St. Louis Railway to be liable; that the Great Northern might assume the car was in good condition when delivered and might only be found liable for negligently failing to discover the defect in the door; that the fact that the door fell was in itself no evidence of negligence; and that if the sole cause of the accident was the manner in which the pry bar was used defendants were not liable. Prior to the charge counsel for the state requested no instructions nor did he after the charge when the court inquired of counsel if there was anything more either desired. Nor did counsel for plaintiff object or except to the charge as given.

There was a verdict for defendants, and plaintiff, in its motion for new trial and on this appeal from the order denying a new trial, assigns as error (1) that certain parts of the charge do not accurately state the law; (2) that the trial court erred in submitting to the jury the question whether the acts of the elevator employe were the sole cause of the accident because of the lack of evidence to support such a finding; and (3) that the trial court erred in charging the jury that the fall of the door was not evidence of defendants' negligence.

Appellant assigns as error the following portion of the court's instructions:

"Now the plaintiff in this case is bound to prove by a fair preponderance of the evidence that this car was in an unsafe and de-

fective condition when it was delivered by the M. & St. L. to the Great Northern."

Taken alone, the instruction complained of was incorrect, but when considered in connection with what preceded and what followed in the court's instructions, we do not see how the jury could have been misled by the statement complained of. The court had just instructed the jury:

"If the car was in a reasonably safe condition when delivered by the M. & St. L. to the Great Northern, the M. & St. L. was under no duty to follow the car after such delivery to its destination and thereafter inspect and repair it if found to be defective or out of repair."

Following the instruction complained of, the court charged:

"When a car passes out of the possession and control of the railroad line on which the passage of the car originated, into the possession and control of a connecting railroad line, the connecting line, while the car is in its possession is under the duty of using ordinary care to maintain and keep the car in a reasonably safe and suitable condition for use by those lawfully entitled to it. In this case it appears that the M. & St. L. was the originating carrier and the Great Northern was the connecting receiving carrier. It was the duty of the Great Northern, after the car was in its possession, to maintain it in a reasonably safe condition and to exercise ordinary care to keep the car in a reasonably safe condition for the purpose of being used by Lawler and those engaged in the duty of inspection, to inspect the car door and to ascertain if it was in a reasonably safe condition. If the defendant Great Northern failed in this duty, it was negligent."

Plaintiff's counsel did not object or except to the charge and did not call the court's attention to the inadvertency.

■ Inadvertent misstatements, verbal errors, or technical inaccuracies contained in the charge as to matters of law which counsel does not ask the trial judge to correct do not furnish grounds for a new trial. Useman v. Minneapolis St. Ry. Co. 198 Minn. 79,

268 N. W. 866; State v. Winberg, 196 Minn. 135, 264 N. W. 578; Romann v. Bender, 190 Minn. 419, 252 N. W. 80; Donaldson v. Carstensen, 188 Minn. 443, 247 N. W. 522; Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754. Where the law stated in the charge does not properly apply to the particular case, that law as given becomes the law of the case unless instructions stating the law applicable are proffered before the charge or are requested afterward. Oxborough v. Murphy T. & S. Co. 194 Minn. 335, 260 N. W. 305; Olson v. Heise, 194 Minn. 280, 260 N. W. 227, 261 N. W. 476; Rochester Bread Co. v. Rapinwax Paper Co. 193 Minn. 244, 258 N. W. 302; Flower v. King, 189 Minn. 461, 250 N. W. 43. Since the parties acquiesced in the theory of the case as contained in the law laid down in the instructions, neither party may urge a different theory as to the law governing the case on appeal. Grimm v. Grimm, 190 Minn. 474, 252 N. W. 231. Thus, if there is no request to charge on a given point, failure of the court to instruct the jury on that point will not constitute reversible error upon which a motion for new trial may be based. Dehen v. Berning, 198 Minn. 522, 270 N. W. 602; Carlson v. Stork, 188 Minn. 204, 246 N. W. 746. And if instructions are given with regard to an issue where there is little or no evidence to support a finding on that issue, if the lack of evidence is not brought to the attention of the trial court before the jury retires no error is presented for consideration on appeal. Ohad v. Reese, 197 Minn. 483, 267 N. W. 490; Harris v. Eggermont, 196 Minn. 469, 265 N. W. 322; Farnham v. Pepper, 193 Minn. 222, 258 N. W. 293. A technical or formal exception to an error contained in the instructions is not necessary to save it for a motion for a new trial or for an appeal. 2 Mason Minn. St. 1927, § 9327. But counsel are held strictly to standards of candor and fairness in their dealings with the courts. If at the time of the instruction counsel has in mind the objection to the charge which he later assigns in support of his motion for new trial, in good faith and fairness he should have called the court's attention to it. To allow him to make use of the objection in such case would permit him to speculate on the verdict in one case while assuring him of a new trial if presently unsuccessful. Farnham v. Pepper, 193 Minn. 222,

258 N. W. 293. Or if counsel tries the case on an erroneous theory and it is submitted to the jury on that theory, he may not upset the verdict by seeking a reversal because of his own error discovered upon afterthought. Ohad v. Reese, 197 Minn. 483, 267 N. W. 490. Having the privilege of asking the court to correct its errors, counsel because of that privilege has the duty to make such request. Dehen v. Berning, 198 Minn. 522, 270 N. W. 602. Only where the evidence and record conclusively show that the successful party was not entitled to recover may errors in the charge which are not brought to the attention of the court at the trial be asserted as ground for reversal upon appeal. Kovaniemi v. Sherman, 192 Minn. 395, 256 N. W. 661. The record and evidence in this case do not conclusively show that the defendants were negligent.

Other errors affecting the charge are assigned, but we find no merit in any of them. The law as given in each instance was substantially correct. Regardless of error, however, no requests were made, no objections or exceptions taken, nor were inadvertencies called to the attention of the court in connection with any of the statements now assigned as error.

· ■ Although the above is decisive of the case, the contentions urged by plaintiff will be considered. There was ample evidence that if the pry bar used by the elevator employe was exerted so as to lift the door, the bottom of the door would be raised from the rollers on which it rested, the flange attached to the door which extends downward behind the rollers would no longer serve its purpose of holding the door in place, and the top of the door would be forced out of the housing which extends from the side of the freight car and serves as a guide for the top of the door, and the door would thereupon fall from the car. The elevator employe denied that he used the bar in that manner, but the jury might properly infer from the manner in which the accident happened that this was its cause. The court's instruction that if the accident was solely due to the acts of the elevator employe defendants would not be liable was therefore correct.

■ Plaintiff also contends that the fact that the door fell was evidence that the rule of *res ipsa loquitur* applied. Resort to that

doctrine may be had only when the instrumentality causing the harm is under the exclusive management and control of defendant. Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479. Here the manner in which the door was operated was under the control of Lawler and the elevator employe. Where the instrumentality causing injury is not under the exclusive control of defendant, or where the cause of the injury is, from the circumstances of the accident, due with quite as much likelihood to something else as to defendant's negligence, the rule does not apply. Mathews v. C. & N. W. Ry. Co. 162 Minn. 313, 202 N. W. 896. Plaintiff also put in evidence tending to prove that the housing above the door was so bent and defective that it forced the top of the door outside the guide and so caused it to fall on Lawler. Necessity is the reason for the rule of *res ipsa loquitur;* when an instrument is under the sole control of defendant the injured party may have no means of showing the cause of the accident, so the inference of negligence on the part of defendant is permitted to enable plaintiff to support his burden of proof. Where plaintiff shows the cause of the accident or has means of learning the cause equal to those of defendant, the reason for the rule ends. Heffter v. Northern States Power Co. 173 Minn 215, 217 N. W. 102. For these reasons, the rule of *res ipsa loquitur* was inapplicable.

Order affirmed.

Mr. Justice Peterson, having been attorney general when this action was commenced in the court below, took no part in the consideration or decision of the case.