W. A. PARKIN v. HILDA SYKES AND ANOTHER.[1]

July 8, 1938.

No. 31,666.

[1]Reported in 280 N. W. 849.

Ralph S. Edison and H. J. Edison, for appellant.
James T. Spillane, for respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal from an order denying a motion for judgment against respondent, Hilda Sykes, notwithstanding the verdict, or for a new trial.

Her husband, Roy Sykes, owned an undivided half interest, which he had mortgaged, in a farm. He and his wife occupied another farm, under a lease executed by him alone, owned by W. H. Labbitt. Unable to meet a rent payment due under the lease in the fall of 1931, Roy Sykes gave a second mortgage on his interest to Labbitt. Confronted with a like difficulty the following year, it was arranged that Labbitt should have a third mortgage to secure a note for $628.58, the amount of the rent for 1932 then unpaid. This last note and mortgage were executed August 3, 1933, by respondent and her husband. The former affixed her name to the note in reliance upon the representation of Labbitt's attorney that her signature on both instruments was essential to their legal sufficiency. Thereafter the first mortgage was foreclosed and the security sold. Immediately preceding the expiration of the redemption period, Labbitt redeemed as second mortgagee and conveyed the half interest to Parkin, throwing in the note secured by the third mortgage, in consideration for the amount paid to redeem from the foreclosure sale plus $500.

Some time afterward Parkin brought suit upon the note against both Roy and Hilda Sykes, both of them appearing thereon to be the makers. The latter separately answered that no consideration was given her for joining with her husband. Parkin in reply entered a general denial. The cause went to trial on this issue, and at the close of the evidence, which tended to prove the facts previously stated, the court instructed the jury that "the issue of fact for you to determine here is whether or not she signed the mortgage be-

cause she was told she must sign in order to make her husband's obligation legal or whether she signed in order to stay upon the farm and to satisfy the landlord and his demands. If you find by a fair preponderance of the evidence that she signed the mortgage because she was told that she must do so in order to make the proceedings of her husband legal then you will find that she is not liable." Appellant neither objected to this instruction nor suggested further instructions. The jury found for the respondent.

As to her husband, Roy Sykes, the trial court directed a verdict against him. Appellant contends that respondent was an accommodation maker and primarily liable since consideration for the note was given Roy Sykes.

Accepting appellant's diagnosis of the case, "the only question before the court is—whether said respondent Hilda Sykes is liable on the note as an accommodation maker thereof." According to 2 Mason Minn. St. 1927, § 7072, "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person." He is a party to a negotiable instrument for the purpose of lending his credit to another. Warner v. Fallon Coal Mines Co. 246 Mich. 493, 224 N. W. 601; 1 Joyce, Defenses to Commercial Paper (2 ed.) § 52; 8 Am. Jur., Bills and Notes, p. 207, § 454. The jury found that respondent did not intend to become liable for the payment of the note, but only to make the mortgage legally sufficient so as to conclude the transaction between her husband and Labbitt. She was not, therefore, an accommodation maker of the note.

The note is *prima facie* evidence of consideration, and the burden was upon respondent to prove want of consideration. Erickson v. Husemoller, 191 Minn. 177, 253 N. W. 361; 2 Mason Minn. St. 1927, § 7067. An accommodation maker is liable to a holder for value even though no consideration is paid to him for making and delivering the note. 2 Mason Minn. St. 1927, § 7072. Respondent proved that she did not receive any consideration sufficient to support a simple contract (2 Mason Minn. St. 1927, § 7068), and that

she was not an accommodation maker. It follows that Labbitt would not have been able to recover the amount of the note from her. But a holder in due course takes the instrument free from any defect of title of prior parties. 2 Mason Minn. St. 1927, § 7100; 5 U. L. A. § 57, note 13. That the possessor of the note is a holder in due course is presumed, "but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course." 2 Mason Minn. St. 1927, § 7102; Olsen v. Hoffmann, 175 Minn. 287, 221 N. W. 10; Brannan's Neg. Ins. Law (5 ed.) 657; 5 U. L. A. § 59, note 23. Therefore, after the infirmity of the note in Labbitt's hands was exposed, it was incumbent upon appellant to prove that he was a holder in due course. He did not request an instruction that he was entitled to recover regardless of consideration if it was found that he took the note in good faith, for value and without notice before maturity, nor object to its omission by the trial court, but acquiesced in the statement of the rules quoted above. Rules laid down by the court in its instructions to the jury, when acquiesced in by the parties, become the law of the case on appeal unless it is plain that the prevailing party was not entitled to succeed. State v. Sprague, 201 Minn. 415, 276 N. W. 744. The court charged the jury that appellant was not entitled to succeed unless consideration was received by respondent for her execution of the note. Since appellant acquiesced in this charge and since it does not unequivocally appear that he is a holder in due course and thereby entitled to prevail, this court cannot disturb the result reached.

Affirmed.