RAYMOND A. PETTINGILL et al., Respondents, v. STREG, INC., et al., Appellants. — In an action to recover damages for personal injuries sustained by plaintiffs, judgment in favor of the plaintiffs and against the defendants affirmed, with costs. Plaintiffs, husband and wife, and tenants of defendants' multiple dwelling house in the borough of Queens, city of New York, were injured as the result of an explosion in an incinerator in the building. Plaintiff Raymond A. Pettingill had scraped the floors of his apartment and, in accordance with a direction given him by the superintendent of the building, he dumped the floor scrapings into the incinerator shaft opening on the floor of his apartment, the third floor. At just about the moment of completion of this chore, an explosion took place which propelled the incinerator hopper against his body, and flames were emitted from the shaft, burning both plaintiffs. The negligence claimed by plaintiffs was faulty construction and maintenance of the incinerator. Although we find no evidence of such negligence in the record, and the doctrine of *res ipsa loquitur* is not applicable (*Matlincky* v. *Christianson,* 192 Minn. 166), the trial court charged, in effect, that negligence on the part of defendants could be founded on the latter's violation of subdivision d of section C26–701.0 of the Administrative Code of the City of New York (Local Laws, 1942, No. 24 of City of New York), which, in part, required the posting of certain notices, in prescribed language, to serve as warning against inflammables. This subdivision also states that the throwing of floor scrapings and other inflammable and highly combustible substances into an incinerator is unlawful. The court also charged that it had been conceded that no signs in the particular prescribed wording had been posted. The defendants did not take exception to this part of the charge. The prime purpose of the statute was to protect against injury to persons and property, including plaintiffs, and the basic obligation was that of the defendants, as owners and agent of the building, to post the prescribed notices. In our opinion, the throwing of the scrapings into the incinerator may not be asserted by the defendants as contributory negligence. The situation is not unlike the case of a window cleaner who disobeyed the statutory proscription against cleaning windows from the outside of a public building which, in violation of statute, did not have certain equipment and safety devices. (Section 202 of the Labor Law prior to repeal in 1942 [L. 1942, ch. 824].) The defense

of contributory negligence, based on the violation of the statute by the window cleaner, was held not to be available (*Lowenhar* v. *Commercial Outfitting Co.*, 260 App. Div. 211, affd. 285 N. Y. 671; *Teller* v. *Prospect Heights Hosp.*, 255 App. Div. 488, revd. on other grounds, 280 N. Y. 456). The verdict was not contrary to the weight of the evidence. Johnston, Acting P. J., Adel, Wenzel and MacCrate, JJ., concur; Sneed, J., concurs in affirmance of the judgment as to the plaintiff wife, but dissents as to affirmance of the judgment as to the plaintiff husband and votes to reverse the judgment in his favor and to dismiss his complaint, with the following memorandum: I concur in affirmance of the judgment insofar as it awards damages and costs to respondent Marion Thorne Pettingill. I dissent as to affirmance of the judgment insofar as it awards damages to respondent Raymond A. Pettingill, and vote to reverse the judgment in that respect and to dismiss the first cause of action in favor of that respondent. Concededly, respondent Raymond A. Pettingill threw floor scrapings into the incinerator chute, thereby causing the accident which resulted in the injuries for which he sought to recover damages in this action. That act by him was in violation of subdivision d of section C26–701.0 of the Administrative Code of the City of New York. That subdivision was added to the stated section by Local Law No. 24 of 1942 enacted by the legislative body of the city of New York under the power granted by section 11 of the City Home Rule Law and has the force of statute. (*Hart* v. *City Theatres Co.*, 215 N. Y. 322; *New Orleans Waterworks Co.* v. *Louisiana Sugar Refining Co.*, 125 U. S. 18, 31; *North Amer. Cold Storage Co.* v. *Chicago*, 211 U. S. 306, 313; *Matter of Stubbe* v. *Adamson*, 220 N. Y. 459, 463–466.) Violation of a statute constitutes negligence per se. (*Martin* v. *Herzog*, 228 N. Y. 164, 169.) This provision of the Administrative Code so violated by this respondent was designed to prevent, among other hazards, the very injury of which this respondent complains, and "was a proximate and effective cause of the accident." (*Frazier* v. *Reinman*, 230 App. Div. 394, 395, affd. 256 N. Y. 626.)